WYANDOTTE & KANSAS CITY BRIDGE CO. v. THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY.

1. ACTION AGAINST PUBLIC OFFICERS, *to compel Discharge of Public Duty; Interest of Plaintiff.* It has been settled in this state that a private person cannot by virtue of being a citizen and taxpayer merely, maintain an action against a county or its officers where the act complained of affects merely the interests of the public in general and not those of the private person in particular.

2. ENJOINING TAXES; *Joinder of Parties Plaintiff; Extent of Relief.* Under the statute of this state any number of persons whose property is affected by a supposed illegal tax may unite in an action to restrain its collection; but the court can adjudicate upon the rights of those only who do so unite, or who appear as parties before it; and the court cannot restrain the collection of any tax upon any property belonging to any person who is not a party to the suit, or who does not ask that the collection thereof shall be restrained.

3. —————— *Pleading; Statement of Facts.* Before an injunction can be granted to restrain the levying or the collection of a tax, some step must be taken by the taxing officers towards the levying or collection of the same, and an injunction will not then lie to restrain the levying or collection of the tax unless the plaintiff shall have property which will be affected by the tax.

*Error from Wyandotte District Court.*

INJUNCTION, brought by The *Wyandotte & K. C. Bridge Company* against the *Comm'rs of Wyandotte County,* to perpetually enjoin and restrain the defendant from levying a tax to pay the interest on county bonds voted to aid in building a free bridge across the Kansas river. The petition alleges "that the plaintiff is a corporation duly organized under the laws of the state of Kansas, and is a taxpayer owning real estate in said county of Wyandotte subject to taxation thereon, and paying state and county taxes thereon in said county," and therefore "it brings this action in its own behalf, and in behalf of all the taxpayers of said county." The petition further shows that upon a petition therefor signed by sixty-six electors of said county, the county commissioners in May 1871 ordered an election to be held on the 17th of June then next "for the purpose of voting upon the question of assist-

ing the *City* of Wyandotte" in building said bridge, "and issuing county bonds not to exceed $50,000 for that purpose;" that said election was held and "a majority of the voters voting voted 'for the bonds;'" that in the September afterward the commissioners awarded the contract for building the said bridge to the King Iron-Bridge Company for $60,200, and that said defendant "is about to issue the bonds of said county * * * to the amount of $50,000, and to do the same under color of the proceedings aforesaid, and is about to cause to be levied a tax upon the taxable property of said county to pay the interest upon said bonds," etc. The petition further avers that the county commissioners had not passed any resolution to build said bridge; nor had they submitted the question of building such bridge to a vote of the people; nor had the *City* of Wyandotte passed any ordinance or taken any legal steps to build such bridge; that that section or portion of "said Kansas river" to be bridged as aforesaid was not within the corporate limits of the city of Wyandotte, but that the corporate limits of said city extended to the middle of said Kansas river, and no farther. To this petition the defendant demurred. The case was heard on the demurrer at the June Term 1872. The district court sustained the demurrer, and gave judgment in favor of the *Board of Commissioners* for costs; and the plaintiff brings the case here on error.

*Nelson Cobb, W. E. Sheffield,* and *E. W. Kimball,* for plaintiff in error:

1. The plaintiff, as appears by the petition is a corporation, and a corporation is a "person," and by statute expressly authorized to sue. Gen. Stat., p. 999, ch. 104, clause 13th.

The petition contains facts sufficient to constitute a cause of action. The powers of the board of county commissioners are to be strictly construed. They take nothing by implication. See *Shawnee Co. v. Carter,* 2 Kas., 115; *Atchison v. Butcher,* 3 Kas., 104; *Leavenworth v. Rankin,* 2 Kas., 357; *Leavenworth v. Norton,* 1 Kas., 432. By the statute the county

commissioners have no power to issue bonds to build a bridge, nor appropriate money therefor at a cost of over $1,000, without the vote of the people at a *general election* in favor of constructing such bridge. Gen. Stat., p. 121, ch. 17, §13. The provision of §19 of ch. 25, relating to counties and county officers, p. 257, does not affect the question, as it can never become necessary to submit to a vote a bridge question under that act, because that act gives to the county commissioners no authority in relation to bridges except to grant licenses to keep bridges: p. 256, §16.

2. The law authorizes the county commissioners to issue bonds for the building of county bridges, and requires them to submit the question of building such bridges to a vote of the people, but nowhere authorizes them to assist a city in building a bridge, or to submit such question to the people. The resolution of the commissioners was not to build a bridge, but to assist the city to do so; and that was the question submitted to the people. Such action was clearly unauthorized, and rendered the proceeding void. 11 Pick., 395; 1 Metc., 284. The intention of the law is, that the body raising the money should have the responsibility of expending it, and the control of the bridge, and make it a toll bridge or a free bridge, in its discretion. Gen. Stat., 528, ch. 52, §9.

3. The county has no power to bridge the river opposite Wyandotte. The middle of the river is the line of the city. The city has exclusive control of bridges within its limits. See *Town of Ottawa v. Walker*, 21 Ill., 605; *The State v. Clark*, 1 Dutch., 54. Nor have the commissioners as yet judicially determined the necessity of building the bridge: Gen. Stat., 527, §1, and p. 119, §§1 and 2; 2 Pick., 547; 7 Mass., 166.

4. The action is not prematurely brought. The petition alleges that the commissioners "are *about* to levy the tax," etc., and the demurrer admits it, which admission concludes them. But if the court should assume that the defendant intended to levy the tax at the time provided by law for levying taxes, the result would be the same. The action was

commenced on the 19th of September 1871, and brought on regularly for trial at the last term to be held before the time for making such levy.

5. An action to restrain the levy of an illegal tax is authorized by the statute. Code, § 253.

*S. A. Cobb, J. B. Scroggs,* and *Alfred Ennis,* for defendants in error:

1. The acts complained of are such as affect the public generally in Wyandotte county, hence the action cannot be maintained by a private person, or a private corporation. 5 Kas., 578; 18 N. Y., 157; 23 N. Y., 319.

2. The petition fails to show that the bonds therein referred to have been issued. Until the bonds are issued and delivered, no tax can be levied or collected for the payment of either the principal or interest.

3. If it is to be presumed from the allegations in the petition that the bonds have been issued and delivered, then the grounds set up in the petition for the granting of an injunction being merely *irregularities* in the proceedings, and not going to the questions of the *power* to issue bonds or to contract the liability, are not sufficient to constitute a defense to the payment of the bonds, or the interest thereon, and the tax cannot be enjoined. 15 Ind., 395; 21 Howard, 539; 1 Dillon Ct. Ct., 261, 264; 1 Wallace, 175.

4. The petition fails to show that the plaintiff has any property subject to taxation for the purpose of paying the said bonds, or the interest thereon.

5. The petition prays the restraining of the levy and collection of a tax *generally,* and not the restraining of the levy and collection of a tax against the plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to obtain a perpetual injunction to restrain the levying of a certain tax. The plaintiff in its petition below alleges that it is a corporation; that it is a taxpayer owning real estate in Wyandotte county,

22—10 KAS.

subject to taxation; but it does not describe the property, nor allege more definitely its location. The plaintiff further alleges that the county of Wyandotte, in connection with the city of Wyandotte, is about to build a free bridge across the Kansas river in said county at the city of Wyandotte; that the county, in part payment for such bridge, is about to issue the bonds of the county to the amount of fifty thousand dollars; that for the purpose of paying the interest on said bonds, and raising a sinking fund for their final redemption, the county is about to levy a tax on all the taxable property of said county; that all the proceedings connected with the building of said bridge, the issuing of said bonds, and the levying of said tax, are irregular, illegal and void; and therefore the plaintiff prays, not that the county shall be restrained from building said bridge, not that the county shall be restrained from issuing said bonds, not that the county shall be restrained from levying said tax on the property of the plaintiff merely; but the plaintiff prays that the county shall be restrained from levying such tax on any property, whether the same belongs to the plaintiff or to some other corporation or person. The defendant demurred to this petition on the grounds, *First,* That the petition does not state facts sufficient to constitute a cause of action. *Second,* That the plaintiff has not legal capacity to sue. The court below sustained the demurrer, and the plaintiff now brings the case to this court.

The plaintiff of course has legal capacity to sue whenever its rights are infringed, whenever a cause of action accrues in its favor. But in this case we do not think that the petition shows either; and therefore we do not think that the petition states facts sufficient to constitute a cause of action. This action is obviously not brought under chapter 79 of the laws of 1871, (pages 190 to 194,) for the plaintiff in this case is not an *elector,* as the plaintiff is required to be who commences an action under §§ 1 and 5 of that act; and that act nowhere provides for the enjoining of any tax. Neither will it be claimed that this action can be maintained under the former rules of law or equity; for in a case vastly stronger for the

plaintiff than this, this court held that injunction would not lie; (*Burnes v. Atchison,* 2 Kas., 454;) and probably injunction has never been sustained in any case so weak for that purpose as this case is. Indeed, we suppose it will not be claimed that this action can be maintained at all unless some statute can be found that authorizes it. The only statute supposed to authorize this kind of action is § 253 of the code, as follows:

"SEC. 253. An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied, may unite in the petition filed to obtain such injunction." (General Statutes, 677.)

We cannot think that this statute is intended to apply to any such case as the one at bar. First, It has already been settled in this state that a private person cannot, by virtue of being a citizen and taxpayer merely, maintain an action against a county or its officers where the act complained of affects merely the interest of the public in general and not those of the private person in particular: *Craft v. Jackson County,* 5 Kas., 681; *Bobbett v. Dresher,* ante, p. 9; *Turner v. Jefferson County,* ante, p. 16. No private person or number of persons can assume to be the champions of the community, and in its behalf challenge the public officers to meet them in the courts of justice to defend their official acts, simply because such private persons may be taxpayers or citizens of the county. A private person, in order to maintain an action against a county or its officers must have some peculiar interest in the subject-matter of the suit. His rights must be specially affected. He must be individually injured, and not merely injured in common with the rest of the community. If it is an injury that affects the whole community the county attorney, or the attorney-general, officers who properly represent the community in the courts of justice, should commence the action; for, as Sir William Blackstone says, "It would be unreason-

able to multiply suits by giving every man a separate right of action for what damnifies him in common only with the rest of his fellow citizens." (4 Blackstone Com., 167.) What we have said or shall say with regard to the right of a natural person to sue the county or its officers, will apply with equal force to the plaintiff in this action, which is a corporation. Second, In this state the real party in interest must sue. He

2. Joinder of parties; extent of relief. must sue for himself and cannot sue for any other person. It is true, under the statute that any number of persons whose property is affected by a supposed illegal tax may unite in an action to restrain its collection; but the court adjudicates upon the rights of those only who do so unite, or who appear as parties before it. And the court cannot restrain the collection of any tax upon any property belonging to any person who is not a party to the suit, or who does not ask that the collection thereof shall be · restrained. In this action the Wyandotte and Kansas City Bridge Company is the sole plaintiff, and it has no right to ask for an injunction to restrain the levying of any tax except a tax against itself, and upon its own property. It has no right to assume to be the champion of all the other taxpayers of the county, and ask that no tax shall be levied against them. The other taxpayers may be willing to pay any tax that may be levied against them to build a *free bridge*, whether they are bound by law to do so or not.

But let us inquire into the peculiar, special, or individual interest which the plaintiff is supposed to have, in order to maintain this action. The plaintiff is a taxpayer now, but

3. Right of action; necessary facts. will it be when taxes are levied to pay the interest on said bonds? The time for levying taxes for the year 1871 had already passed before this suit was commenced, and not even the bonds had yet been issued. It is not likely that any order will be made or can be made for such a levy until the first Monday in September 1872. (Tax law, Gen. Stat., 1044, § 72.) But even if the levy should be made sooner, still the interest of the plaintiff to be affected . is very uncertain. It is contingent, speculative, and imag-

inary. The amount is not ascertained nor ascertainable. And the danger of injury to it is remote and problematical. The bridge may at some time be built. The bonds to pay for the same may at some time be issued. The taxes to pay interest on the bonds may at some time be levied. But whether the plaintiff will, at the time of the levy, have any property subject to taxation within the boundaries of the county, no man can tell, and the petition does not attempt to disclose. Is it expected that the courts will reach into the impenetrable uncertainties of a case like this to protect a party by injunction, who may never need protection? Said statute does not contemplate any such thing. It is "persons whose property is *affected* by a tax or assessment so *levied,*" who are to be protected, and not persons whose property *may be affected* by a tax or assessment to be *levied at some future time.* No step has yet been taken by the county or any taxing officers towards the levying or collection of the tax complained of. The plaintiff merely fears that such a step may be taken. But fears, or even the grounds for fear in such a case, do not constitute a cause of action. The plaintiff must wait before commencing its action until some such step is taken; but if no such step is ever taken, then the plaintiff will never have a cause of action. The plaintiff will have plenty of time (several months) in which to commence its action after the county commissioners shall make the order levying the tax before any step can be taken to enforce its collection. And the plaintiff must wait for this or some other action on the part of the taxing officers. But even after the officers shall commence to levy or collect the tax, still the plaintiff will have no cause of action, no ground for an injunction to restrain the levy or the collection of the tax, unless it shall have property which will be affected by the tax. The order and judgment of the court below are affirmed.

All the Justices concurring.