ASA BEYER AND JOHN ERNST v. ALEX. H. REED, et al.

AMENDMENT; CHANGING CAUSE OF ACTION; *When not Allowable.* Where an action is commenced, as is claimed, under the act for contesting county-seat and other elections, (ch. 79, Laws of 1871,) by certain electors of a certain school district against the members of the school board of such district, to contest an election authorizing the issue of certain school-district bonds, and to restrain the issue of such bonds, and afterward the defendants cease to be members of said school board, becoming merely private citizens of said school district, and others who have been appointed to take their places issue said bonds, and afterward still others, who are opposed to said election and to everything done thereunder or in pursuance thereof, are elected and become members of said school board, *held*, that it is error for the court, against the objections of said defendants to allow the plaintiffs to change their cause of action, setting forth new facts and making new parties, and to litigate, *at the costs.*

*of the original defendants,* the questions whether the county commissioners shall be restrained from levying taxes to pay said bonds, and whether the county clerk shall be restrained from putting such taxes on the tax-roll.

## Error from Atchison District Court.

IN April 1873 a petition was filed by *Alexander H. Reed, Peter Muller, John Ketch, Charles Miller, William S. Knight and Wm. Betchel,* as plaintiffs, against Wm. Hammon as director, *Asa Beyer* as clerk, and *John Ernst* as treasurer of school district No. 31, Atchison county, and Benjamin B. Gale as county clerk of said county, as defendants, alleging that plaintiffs were residents in and electors and tax-payers of said school-district; that the school-district election held on the 10th of said April in said district "was wholly illegal and void," setting forth certain acts and omissions to support such allegation; that defendants Hammon, *Beyer* and *Ernst,* claiming to be the officers of said school district, elected as such at said illegal election, were threatening to sell certain property belonging to the district, and to issue school-district bonds, and praying for an injunction, etc. Temporary injunction granted. Answer filed on 9th May, denying all alleged illegal acts and proceedings, and alleging the legality of the election of April 10th, and alleging that the question of issuing the proposed bonds had been duly submitted to the electors of said district, and that their issuance had been duly authorized. A motion to dissolve such injunction, was heard, and denied by the district judge, July 24th. On the 9th of August 1873 a supplemental petition, alleging the death of defendant Hammon, the director of said school district, the appointment of *Peter Muller* (one of the plaintiffs) to fill the vacancy in the said office of treasurer; that *Beyer* and *Ernst* had "pretended to resign" their respective offices, that the county superintendent had "pretended to accept" such resignations, had "pretended to declare their offices, and also the office of director, vacant," and had "pretended to appoint one D. D. High as treasurer, and one Jacob Gibson as clerk, and one Benj. Boyer as director of

said school district," "that said pretended officers, on the 25th of July 1873 issued fifteen bonds as the bonds of said school district, of the denomination of $100 each, and of the aggregate amount of $1,500," payable to B. P. W., or bearer, etc., alleging that such bonds were illegal and fraudulent, and had been illegally registered, etc., and further averring, that the board of county commissioners proposed to and were about to levy a tax on the property of said school district to pay the interest on said bonds falling due June 1st 1874, which tax would be wholly illegal — and the plaintiffs in said supplemental petition prayed —

"That the said L. M. Briggs, J. V. Bryning and J. H. Fitzpatrick, being and constituting the board of county commissioners of said county of Atchison, be made additional parties to this action, and that an order issue enjoining and restraining them as such board of county commissioners from levying any tax or assessment upon said district, and upon the property of the plaintiffs, for the payment of any interest or for sinking-fund, or for final redemption of said bonds, and enjoining and restraining the said Gale as county clerk from placing any such tax or assessment on the tax-roll for collection, and declaring the former registration thereof illegal and void, and that on the final hearing of the case said injunction be made perpetual."

A temporary injunction as prayed for was granted. A motion was filed by defendants *Beyer* and *Ernst* to strike the supplemental petition from the files, which motion was overruled. March 6th 1875 a supplemental answer was filed by *Beyer* and *Ernst* to the supplemental petition, setting up their respective resignations in July 1873, the appointment of their successors, alleging that such successors duly qualified and acted as clerk and treasurer of said district until other successors were duly chosen at the next annual school-district meeting, and alleging that since the 24th of July 1873 they had not nor had either of them "exercised in any manner the duties of clerk or treasurer of said school district." Such supplemental answer alleges that the proceeds of the bonds mentioned in the petition and the supplemental petition were duly expended by their successors in office in purchasing a

new site and building a new school-house for such district — and it also contains the following:

"These defendants further say, that the annual election in said school district, held on August 13th 1874, was, by the general consent of all the voters and inhabitants in said school district, held in said new school-house so built on said new site in said district with the proceeds as before stated; that the legal voters of said district then generally attended and participated in said election, and at said election one of the plaintiffs, W. S. Knight, was elected director, Wm. Lewis was elected treasurer, and J. M. Ketch, son of one of the plaintiffs, was elected clerk, all of whom had originally pretended to be opposed to the building of the said new school-house, and had advised the commencement and prosecution of this action; and with full knowledge that such bonds had been issued, and said new school-house built with the proceeds of the sale thereof, said persons respectively did accept the offices to which they were so elected, and forthwith did qualify and enter upon the discharge of their respective duties as such officers, and as such officers, with the full consent of said school district, and with the full knowledge of all the facts as hereinbefore stated, did proceed to hire a teacher for said school district to teach a public school therein, and therefor to occupy the said new school-house. * * *

"Wherefore, believing that the plaintiffs have designedly and willfully prosecuted this action, with full knowledge as aforesaid, for the purpose of annoyance to these defendants, and the public officials of said Atchison county, and with the expectation and purpose of using and enjoying such new school-house site and school-house erected thereon, as legal voters of and inhabitants in said school district, as they have so done, and are prosecuting this action for the further purpose of endeavoring to relieve themselves from the payment therefor while enjoying the full benefits of the same, these defendants now respectfully pray the dismissal of this action at the costs of the said named plaintiffs."

Trial at the March Term 1875. Finding and judgment for plaintiffs. The "judgment" is copied in the opinion, *infra*. Defendants *Byer* and *Ernst* appeal, and bring the case here on error for review.

7—18 KAS.

*W. W. Guthrie,* for plaintiffs in error.

*D. Martin,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a strange case, and the proceedings therein are exceedingly tangled. It is claimed by defendants in error, who were plaintiffs below, that the action was intended to be brought under the act providing for contesting county-seat and other elections, (Laws of 1871, page 190, *et seq.*) Now this may be so; and, for the purpose of this case, we shall assume that it is so; but still, no such action as is provided for in that act was ever prosecuted to final judgment in this case. If, in fact, the plaintiffs below commenced this action under said act, (and whether they did or not, or whether they could do so, we do not now choose to decide,) then they evidently abandoned their original cause of action long before any trial was had in the case, and prosecuted a new supposed cause of action, by filing a new and supplemental petition, setting forth therein a new supposed cause of action, making new parties defendant, asking for other relief than that asked for in the original petition, and asking for such relief as they could not have obtained under said act for contesting elections; and they prosecuted this new supposed cause of action to final judgment, and obtained judgment on such new supposed cause of action, and on it alone. And all this was done over and against the objections and exceptions of plaintiffs in error, defendants below. Said judgment, and the only judgment rendered in the case, reads as follows:

"Thereupon it is considered and adjudged by the court here, that the preliminary injunctions heretofore granted in this action be and the same are hereby made perpetual; and the board of county commissioners are forever enjoined and restrained from levying any tax for the payment of any interest on said bonds, or the principal thereof; and the county clerk is forever enjoined and restrained from placing any

such tax on the tax-roll of said county. And it appearing that the said William Hammon, director, died during the pendency of this action, and that the board of county commissioners and the county clerk are necessary but only nominal parties, having no pecuniary interest therein, it is therefore considered and adjudged that the plaintiff have and recover of and from the said defendants, Asa Beyer, as clerk, and John Ernst, as treasurer of said school district No. 31, Atchison county, their costs in this behalf expended. And the defendants here except to each and every such finding and conclusion, and the action and decision of the court herein."

Now this is evidently not a judgment in a contested election case. Under the act for contesting elections the court has no power to restrain county commissioners, or any one else, from levying any tax. Neither has the court any power under said act to restrain the county clerk, or any one else, from placing any tax upon the tax-roll. Nor had the court any power or authority in this case to compel the defendants Beyer and Ernst to pay the costs of litigating the questions whether the county commissioners and the county clerk should be so restrained in this particular case. Besides, Beyer and Ernst were at this time merely private citizens, having no interest in this litigation different from that of any other citizen of said school district. They had held no office for nearly two years prior to the rendering of this judgment, and were not attempting to manage the affairs of said school district in any particular. W. S. Knight, one of the plaintiffs below, was director of said school district; William Lewis was treasurer, and J. M. Ketch, a son of one of the plaintiffs, was clerk; and all of these men were opposed to said election, and to everything that was done thereunder, or in pursuance thereof. There was no excuse therefore for compelling Beyer and Ernst to litigate these questions. Said Beyer and Ernst ceased to be members of said school board before said supplemental petition was filed; and said supplemental petition stated these facts, and other facts wholly outside of the original cause of action, and then asked for the relief for which

the plaintiffs below finally obtained said judgment. If, when Beyer and Ernst ceased to be members of said. school board, and ceased to have any interest in said litigation, the plaintiffs had stopped all further proceedings against them, except proceedings to determine who should pay the costs up to that time, it is possible (but this question we do not decide) that the plaintiffs might have obtained a judgment against Beyer and Ernst for the costs which accrued up to that time. But the plaintiffs did not choose to stop there, and have the question then determined who should pay the costs, but they filed a new and supplemental petition, setting forth new facts which could have no place in a cause of action under said statute, and concerning which facts the defendants Beyer and Ernst could have no possible interest different from that of the other residents of the.district; and they chose to litigate the case upon these new facts, notwithstanding the continued protestations and objections of the defendants Beyer and Ernst. And they obtained the judgment they sought upon these new facts. But the judgment cannot be sustained under said act for contesting elections; and indeed, if we take no other facts than those alleged in the various petitions of the plaintiffs, and considering all these facts to be true, it cannot be sustained upon any other statute or law. Other facts are still wanting in order to make a good cause of action in favor of the plaintiffs and against any person. (*Bridge Co. v. Wyandotte County*, 10 Kas. 326; *Hays v. Hill*, 17 Kas. 360.) The judgment is erroneous in whole, and in part. It must therefore be reversed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.