## M. L. ANDREWS v. J. MACK LOVE et al.

1. TEMPORARY INJUNCTION—*Review.* An order of the district court, or a judge thereof at chambers, allowing a temporary injunction, may be reviewed in the supreme court before final judgment in the case.

2. TAX LEVY, *Restraining.* Before an injunction can be granted to restrain the levying or collection of a tax, some step must be taken by the taxing officers toward the levying or collection of the same.

3. CASES, *Followed.* The cases of *Bridge Co. v. Comm'rs of Wyandotte Co.,* 10 Kas. 526, and *Challiss v. City of Atchison,* 39 id. 276, cited and followed.

*Error from Cowley District Court.*

THE material facts are stated in the opinion. The tempo-
rary injunction complained of was granted September 1, 1890.

*J. W. Shartel,* for plaintiff in error.

*Eaton, Pollock & Love,* for defendants in error.

Opinion by STRANG, C.: This was an application by the tax-
payers of sewer district No. 1, Arkansas City, for a temporary
injunction, made before the district judge of Cowley county, at
chambers, to enjoin the defendant city, and the mayor and clerk
thereof, from making and collecting certain assessments against
the property of the plaintiffs in payment of bonds which it is
alleged were about to be issued to pay for the construction of
a system of sewers in said district, and to enjoin the said city,
and the mayor and clerk thereof, from issuing said bonds to
pay for said sewer; and to enjoin the defendants Andrews and
Quigley from obtaining, or attempting to obtain or negotiate,
such bonds. The application for the injunction was made on
the 1st day of August, 1890, and the petition, among other
things, alleged that the mayor and council of the city of Ar-
kansas City had attempted to create within said city a sewer
district known as "Sewer District No. 1," and had let a con-
tract to M. L. Andrews, or to M. L. Andrews for J. B. Quig-
ley, for the construction of a system of sewers in said sewer
district; that the said contractors did not comply with the terms
of the contract in the construction of said system of sewers, but
constructed said sewers in such a negligent, careless, unskillful
and unworkmanlike manner as to render them useless and of
no value to said city; that the defendant city, and the officers
thereof, unlawfully threaten to and are about to issue bonds
for said work to defendant Andrews; that the defendant Ben-
edict, clerk of said city, is about to certify the amount found
due and assessed against the property owned by these plain-
tiffs to the county clerk, for the purpose of being spread upon
the tax-rolls of said county. The application was heard by

the judge at chambers, a demurrer to the petition was overruled, and a temporary injunction allowed as prayed for. The plaintiff herein objected to the order allowing the temporary injunction, and comes here with his case-made and asks this court to review and reverse the order of the judge allowing said temporary injunction.

The first question is raised by a challenge to the jurisdiction of this court. It is asserted that an order of a judge at chambers allowing a temporary injunction is a mere interlocutory order, and may not be reviewed by this court before final judgment. This question involves an examination of the following sections of our statutes. Section 237 of the code provides as follows:

"The injunction provided by this code is a command to refrain from a particular act. It may be the final judgment in an action, or it may be allowed as a provisional remedy, and, when so allowed, it shall be by order."

The judgment in this case is clearly not the final judgment in the action. It was allowed by a judge at chambers, and is by said judge declared to be a temporary injunction. It is not, and could not be, a final judgment in an action, because a judge at chambers could not render a final judgment, and because the action is still pending in the district court, and no final judgment has ever been rendered therein. Not being a final judgment in a case, it follows from the section of the statute above quoted, that it was allowed as a provisional remedy. Does any statute of our state permit an appeal from an order allowing an injunction as a provisional remedy? It is conceded that, if an appeal lies from such an order, it is by force of some statutory provision. Section 542 of the code reads as follows:

"The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record; and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order. Sec-

ond, an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer.   Third, an order that involves the merits of an action, or some part thereof."

The contention of the defendants in error is, that the injunction mentioned in the above section, and from which an appeal may be taken under the provisions thereof, is the final judgment in the action, and that there is no other provision for an appeal from an injunction, and therefore no appeal from an order allowing an injunction as a provisional remedy.   We do not think such contention is supported by a fair construction of the whole section.   The first part of the section provides, that "the supreme court may reverse, vacate or modify a judgment of the district court" — that is, the supreme court may reverse, vacate or modify any final judgment of the district court, which includes the final judgment in an injunction proceeding as much as the final judgment in any other kind of an action.   This part of the section, then, provides for the reversal, vacation or modification of an injunction when such injunction is the final judgment in an action.   Further along in the section it provides that "the supreme court may also reverse, vacate or modify any of the following *orders* of the district court, or a judge thereof: First, a *final* order.   Second, an *order* that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction" — that is, an *order* that grants an injunction.   An injunction allowed by an order is a provisional remedy.   It is not allowed by an *order* when it is a final judgment.   It is clear to us that the injunction mentioned in this section is an injunction employed as a provisional remedy; an injunction allowed by an *order* of the court, or a judge thereof. (See also *Bridge Co. v. Comm'rs of Wyandotte Co.*, 10 Kas. 326; *Challiss v. City of Atchison*, 39 id. 276; *Snavely v. Buggy Co.*, 36 id. 106.)

·In this last case, Judge VALENTINE, writing the opinion, says:

"With reference to all provisional remedies, *except injunctions*, the·statute uses only the words 'discharges,' 'vacates' and 'modifies.' Hence, as the statutes show, it was clearly not the intention of the legislature that an *order* of the district court granting, refusing, confirming or sustaining a provisional remedy, *except as to injunctions*, should be reviewed in the supreme court prior to the final judgment in the case; nor was it the intention of the legislature that an order 'involving the merits' of a provisional remedy, *except as to injunctions*, should be reviewed by the supreme court prior to such final judgment, unless such order discharged, vacated or modified the provisional remedy. The legislature had the whole subject of the reviewing of judgments and orders under consideration, and evidently, from the language used, it did not intend that an order granting, refusing, confirming or sustaining any provisional remedy, *except an injunction*, should be reëxamined by the supreme court prior to the final judgment."

While the question of an appeal from an *order* allowing an injunction as a provisional remedy was not involved in the case under consideration at the time, Judge VALENTINE seems to have considered the whole subject of review of judgments and orders, and, among other things, to have concluded that the statute authorized the review of an *order* of the district court or judge thereof *allowing an injunction* as a provisional remedy,·yet we think his construction of the statute in that regard the proper one to put upon it, and therefore we say that an *order* of the district court or judge thereof *allowing an injunction* as a provisional remedy may be reviewed by this court without waiting for a final judgment in the·case.

This case being properly here for review, we will next consider the question raised by the demurrer to the petition, which was overruled. The demurrer, among other things, alleged that said petition failed to state facts sufficient to constitute a cause of action against the defendants. This branch of the demurrer challenged the petition generally, and.therefore, if for any reason the petition failed to state a cause of action, it was error to overrule the demurrer thereto. Under the law.

as enunciated in the case of *Bridge Co. v. Comm'rs of Wyandotte Co.*, 10 Kas. 326, followed in the case of *Challiss v. City of Atchison*, 39 id. 276, this case seems to have been prematurely brought. In the former case it was held, that before an injunction can be granted to restrain the levying or collection of a tax, some step must be taken by the taxing officers toward the levying or collecting of the same. The language of the petition in that case, so far as it relates to the particular question now under consideration, is similar to the language of the petition in this case. The petition in that case says:

"That said defendant is about to issue bonds of said county, and is about to cause to be levied a tax upon the taxable property of said county to pay interest upon said bonds."

In the present petition the allegations are:

"That the defendant city and the officers thereof unlawfully threaten and are about to issue bonds for said work to M. L. Andrews, and that the clerk of said city is about to certify the amount found due and assessed against the property of the plaintiffs to the county clerk, to be spread upon the tax-rolls."

In the last case above cited it is said: "It is the levy, collection or proceeding to enforce an alleged tax, charge or assessment that may be enjoined."

In this case, as in that, the petition does not allege "either a levy, collection or proceeding to enforce" the alleged tax, charge or assessment, but it does allege that the city threatens and is *about* to issue bonds, and is *about* to certify the assessment against the property of the plaintiffs to the county clerk, to be placed upon the tax-roll of the county. The plaintiffs could not be hurt until a levy was made, or some attempt is being made to collect the tax assessed against the property. There are many other questions in this case, but as to all of them we express no opinion.

It is recommended that the order of the judge allowing the injunction be reversed.

By the Court: It is so ordered.

All the Justices concurring.