M. L. ANDREWS V. J. MACK LOVE *et al.*

INJUNCTION — *Restraining Collection of Special Tax.* A proceeding by injunction to restrain the collection of special assessments to pay the costs of creating a system of sewerage in a city of the second class is not prematurely brought, when it appears that the amount of such assessments has been ascertained, and notice thereof given to the property owners.

*Motion for Rehearing.*

THE facts appear in *Andrews v. Love*, 46 Kas. 264, *et seq.*

*J. W. Shartel*, for plaintiff in error.

*Eaton, Pollock & Love*, for defendants in error.

Opinion by STRANG, C.: This case was submitted to this court some time ago, and reversed. (See opinion, 46 Kas. 264.) It is here now on a motion for a rehearing. The question now raised was not presented in the oral argument of counsel at that time, nor is it argued in the brief, though it is mentioned indirectly therein; but a reëxamination of the record, since the argument on the motion for rehearing, discloses the fact that the question now presented is in the record, and was overlooked when the former opinion was written.

The attention of the court is now called to the fact that the amount of the assessment against each piece of property has been ascertained, and notice thereof given. When these steps have been taken by the city authorities, injunction proceedings will lie, if begun in 30 days from the time the amount of the assessment is ascertained. (*City of Topeka v. Gage,* 44 Kas. 87; *Wahlgren v. Kansas City,* 42 id. 243.) It is therefore recommended that the motion for rehearing be granted; that the judgment for reversal heretofore entered be set aside, and that the judgment of the district court allowing the injunction be affirmed.

By the Court: It is so ordered.

All the Justices concurring.