Ballard vs. The City of Appleton.

BALLARD vs. THE CITY OF APPLETON.

*Estoppel by matter of record. Injunction against letting contract to improve street.*

1. A finding "that a strip of land sixty feet wide, running through" a certain block at a specified distance from another highway, was dedicated and accepted as a street, "and that there was no attempt by the authorities to encroach on any other than the sixty feet strip," *held* sufficient to bind the city (after judgment in its favor upon said finding) against claiming any other part of said block as a street.
2. The non-compliance of the city authorities with the charter, in ordering work done on a street, and in advertising for bids, will not entitle an adjoining lot owner to an injunction before any taxes have been levied or assessments made to pay for such work.

APPEAL from the Circuit Court for *Outagamie* County.

Block 29, in the city of Appleton, was bounded south by College avenue, north by Edwards street, east by Durkee street, and west by Morrison street. In December, 1855, the municipal authorities passed an ordinance, laying out through block 29 a street called Johnson street, described as follows: "The southerly line commencing at a point on the east line of Morrison street, 120 feet north of the north line of College avenue, and thence running east parallel with said north line to the west line of Durkee street; the northerly line commencing at a point in the west line

of Durkee street, 140 feet south of the south line of Edwards street, and thence running west to the east line of Morrison street; being 60 feet in width." The block had been supposed to be only 320 feet in length from north to south, and the proprietors had sold lots on College avenue and on Edwards street, running back a specified number of feet, with oral representations that land was reserved in the rear for a street or alley, running east and west through the block; and one of the deeds referred to "a reserve for a street running east and west through said block." See *Barteau v. West*, 23 Wis. 416. If the block were only 320 feet in depth, the reserve thus indicated would be only 60 feet in width. On a later survey the block was found to overrun in measurement from north to south $12\frac{2}{10}$ feet. The plaintiff in this action claimed to own, through title derived from the original proprietor, not only the strip above referred to as 60 feet in width, but the greater part of the strip $12\frac{2}{10}$ feet wide, lying immediately north of the 60 feet, and alleged in his complaint in this action, that the street commissioner of the (now) city of Appleton had published a notice requiring owners of lots abutting on Johnson street to grub and grade said street, according to specifications on file in his office; that such work not having been done by the day appointed, he had advertised for sealed proposals for doing said work; that the plaintiff owned lots abutting on the so-called street which would be assessed for a portion of the said work; that no petition of one-half of the owners of lots to be taxed for the improvement of the so-called street had been presented to the common council, asking for the said improvement; that no estimate of the expense of such improvement, made under the direction of the street commissioner or any other officer of the city, had been made or filed as required by the charter; that the grading of said strip of land and using it as a street would create a cloud

upon the plaintiff's title; wherefore he demanded judgment, that said city be enjoined from entering upon or appropriating said strip of land, or any part thereof, as a street, or letting any contract for work to be done thereon.

On the hearing, the court found the following facts and conclusions of law: " I find that a strip of land, 60 feet in width, running through the block (twenty-nine), 120 feet from College avenue, was dedicated to the public for a street, and accepted as such, and that there is no attempt on the part of the city authorities to encroach upon any other than the 60 foot strip  I find that there are some irregularities on the part of the city authorities in causing the proposed work to be done.  There was no estimate of the expense, as required by law.  But the plaintiff is not entitled to an injunction to restrain the doing of this work on account of irregularities, and the complaint should be dismissed, and the defendants recover their costs."  Judgment accordingly; from which the plaintiff appealed.

*Geo. H. Myers*, for appellant, cited 18 Wis. 411; id. 92; 20 id. 113, 437; 8 id. 485; 20 N. Y. 313.

*W. S. Warner*, for respondent.

COLE, J.  The counsel for the plaintiff raises no question as to the dedication of a strip of land, sixty feet in width, running through block twenty-nine, one hundred and twenty feet north of and parallel to College avenue.  But he insists that the court below should have clearly defined the boundaries of that street, by finding that it was only sixty feet wide, and thus definitively settled all question as to the right of the city to occupy the adjoining strip, twelve and a half feet wide, on the north, for any purpose whatever. The court found, as a matter of fact, "that a strip of land, sixty feet in width, running through the block one hundred and twenty feet from College avenue,

was dedicated to the public for a street, and accepted as such, and that there is no attempt, on the part of the city authorities, to encroach upon any other than the sixty feet strip." This finding, as it appears to us, most conclusively negatives the idea that the street is more than sixty feet wide, and is, of course, binding upon the city upon that question. We cannot see how any other questions of title can be settled in the action.

It is claimed that there are irregularities in the proceedings of the city authorities, in causing Johnston street to be graded and improved. But no work had been done, or assessments made, when the action was commenced. Suppose the city authorities did not comply with the charter in ordering the work to be done, and in advertising for bids, how has the plaintiff been injured by these irregularities? No taxes have yet been levied, or assessments made. He is clearly premature in applying for an injunction at this stage of the proceedings.

*By the Court.*—The judgment of the circuit court is affirmed.