LUTHER C. CHALLISS v. THE CITY OF ATCHISON *et al.*

TAX—*Injunction, When Granted.*   Before an injunction can be granted to restrain the levying or the collection of a tax, some step must be taken by the taxing officers toward the levying or collection of the same. (The case of *Bridge Co. v. Comm'rs of Wyandotte Co.*, 10 Kas. 326, cited, and followed.)

*Error from Atchison District Court.*

THE opinion states the facts.   Judgment for the defendants was rendered on March 25, 1886.   The plaintiff *Challiss* brings the case here.

*L. F. Bird,* for plaintiff in error.

*Wm. R. Smith,* city attorney, and *Thos. J. White,* for defendants in error.

Opinion by SIMPSON, C.: The plaintiff in error commenced an action in the district court of Atchison county to restrain the city of Atchison and one Charles Taylor from issuing and receiving certain sidewalk bonds, that were claimed to be charges against the real property of the plaintiff in error, and to restrain the levy and collection of taxes to pay said bonds. A demurrer to the petition was sustained by the court below, and the plaintiff in error electing to stand upon his petition as filed, judgment was rendered against him denying the relief sought, and for costs; and this is the error complained of. Numerous questions are raised as to the power of the city authorities under the existing state of the law to pass an ordinance providing for the construction of sidewalks; whether or not there was such an ordinance; as to the notice required to the property-owner and others; and as to all those we are not to be understood as expressing any opinion. They may arise in the future, and be the subject-matter of careful consideration. We think this action is prematurely brought. Section 253 of the code provides:

"An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same."

It is the levy, collection, or proceeding to enforce an illegal tax, charge, or assessment, that may be enjoined. The petition does not allege either a levy, collection, or proceeding to enforce, but does expressly aver such a state of facts that it necessarily follows that these are to happen in the future, if the regular order in such matters is to be followed. At the time of the filing of the petition, the city had made a contract with the defendant Taylor to construct sidewalks, and was about to issue bonds in payment thereof. These bonds are paid by an assessment on lots and pieces of ground abutting on the improvement, according to the front feet thereof. The petition was filed on the 30th day of November, 1885. The sidewalk contract was let to Taylor in September, 1885. The special assessments for improvements, such as sidewalks, are

levied and collected as taxes, and must be certified by the city clerk to the county clerk, to be placed on the tax-roll, on or before the twenty-fifth day of August annually.      Months would intervene between the issue of the sidewalk bonds and the levy of the special assessments for improvements, with which to pay them.      In the meantime they are not declared by statute or city ordinance to be a lien on the lots or pieces of ground, and probably do not become so until after the levy; so that all the reasons enumerated by this court in the case of *Bridge Co. v. Comm'rs of Wyandotte Co.*, 10 Kas. 326, why that action could not then be maintained until after a levy, apply with equal force in this case.      As we regard it, this case falls within the foregoing case, and must therefore necessarily be controlled by it.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.