THE BOARD OF COMMISSIONERS OF SEWARD COUNTY
v. A. K. STOUFER.

1. COUNTY PRINTING — *Setting Aside Contract.* Mere threats by county commissioners to ignore and set aside a contract let by them for the county printing, in the absence of any official offer or attempt to ignore or set aside such contract, do not constitute grounds for an injunction.

2. INJUNCTION, *When.* Some step must be taken by the commissioners as a board toward setting aside the contract before an injunction can issue.

*Error from Seward District Court.*

THE case is stated in the opinion.

*Jas. K. Beauchamp,* county attorney, for plaintiff in error.
*Jno. H. Pitzer,* for defendant in error.

Opinion by STRANG, C.: November 17, 1890, a proposition to do the county printing for Seward county was submitted to the county board of that county, as follows:

"By the Arkalon *News* and the Liberal *Lyre* to the Hon. Board of County Commissioners of Seward county, Kansas: The above-named papers hereby offer and agree to do all the county printing for the county of Seward and state of Kansas, from the 17th day of November, 1890, to December 31, 1892, at the following rates, viz.: All the printing, including commissioners' proceedings, clerk's notices, treasurer's notices, and sheriff's notices, at $1 per square of 250 ems nonpareil; all job work that can be furnished by said papers at prices paid for said work by the county clerk, for a period dating from July 1, 1890, to November 17, 1890. Tax lists at legal rates allowed. The Arkalon *News* to be named as the official paper, the editor of which shall furnish all necessary affidavits.

A. K. STOUFER, Arkalon *News.*
H. V. NICHOLS, Liberal *Lyre.*"

Which said proposition was accepted by the board. January 17, 1891, the board of county commissioners, again being in session, on motion ratified the former action of the commis-

sioners in accepting said proposition, and thereby entered into a contract with the plaintiff below as editor and proprietor of the Arkalon *News*, and H. V. Nichols as editor and proprietor of the Liberal *Lyre*, whereby they agreed that the plaintiff below and said H. V. Nichols should jointly do the county printing for said county, upon the terms contained in said proposition, for the period from November 17, 1890, to December 31, 1892.

April 11, 1891, the plaintiff below commenced this action, and alleged in his petition that the said board of county commissioners, " without any cause or excuse therefor, are threatening and are about to ignore and set aside their said contract, and award said public printing to the Liberal *Lyre* and the Springfield *Republican*." A temporary injunction was allowed by the judge of the district court of said county. Afterward, on the 9th day of June, 1891, when the case came up for trial in the district court, the defendant objected to any further proceedings in the case, for the reason that the petition did not state facts sufficient to entitle the plaintiff to any relief. The objection was overruled, and the injunction made perpetual. Motion for new trial was filed, and overruled. The case is here for review, and the question is, does the petition state facts sufficient to entitle plaintiff below to any relief?

We think it does not. The petition simply alleges that the defendants, the county commissioners, are threatening and are about to ignore and set aside the contract for the county printing, entered into by them with the plaintiff below and the editor of the Liberal *Lyre*. It nowhere discloses any action by said county commissioners as a board calculated in any way to interfere with said contract. It sets forth no resolution, motion, or other official action of said commissioners, nor even the calling of a meeting for the purpose of rescinding said contract. Mere threats by the commissioners to ignore and set aside the contract, without any offer or attempt to do so, do not constitute grounds for an injunction to restrain them from so doing. (*Bridge Co. v. Comm'rs of Wyandotte Co.*, 10 Kas.

326; *Challiss v. City of Atchison*, 39 id. 276; *Troy v. Comm'rs of Doniphan Co.*, 32 id. 507; *Andrews v. Love*, 46 id. 264.)

It is recommended that the judgment of the district court be reversed, and the case remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.