[S. F. No. 455.   Department One.—January 15, 1898.]

## J. H. FLICKINGER et al., Appellants, v. CHARLES W. FAY, Respondent.

STREET IMPROVEMENT—ACCEPTANCE OF STREET—JURISDICTION OF CITY COUN-
CIL—PUBLIC EXPENSE—CONSTRUCTION OF STATUTE—MODE OF PROCEDURE.
Notwithstanding the acceptance of a street, the city council still
retains jurisdiction, under the street improvement act of March 18,
1885, to order its improvement, and the provision in section 20 of
that act, requiring the municipality to improve such street at the
public expense, is subordinate to the provision in section 2 of the
same act, that the city may order such improvement whenever the
public interest or convenience may require, and also to the provision
in section 1 that when such order is made the work must be done
under the proceedings prescribed in the act, and the contract for
doing the work must be let to the lowest responsible bidder, after
proposals have been invited under the provisions of section 5 of the
act.

ID.—AWARD OF CONTRACT—INJUNCTION—REMEDY FOR ILLEGAL ASSESSMENT.—
The city council having jurisdiction to award a contract for the im-
provement of an accepted street, the contractor to whom it is awarded
cannot be enjoined, at the instance of owners of property fronting on
the street, from performing the contract, upon the ground that by
reason of the acceptance of the street, the cost of the improvement
should be borne at the public expense, and not assessed upon ad-
jacent lands; but such question is to be determined after the work
under the contract is completed, when, if an assessment is attempted
and cannot be legally made, an appropriate remedy may be had to
defeat it.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   John Reynolds, Judge.

The facts are stated in the opinion of the court.

Joseph R. Patton, and Hiram D. Tuttle, for Appellants.

C. T. Bird, for Respondent.

HARRISON, J.—The mayor and common council of the city
of San Jose passed a resolution August 26, 1895, of their inten-
tion to order certain improvement of Santa Clara street between
Third and Eleventh streets, in said city, and this resolution
having been posted and published as required by law, subse-
quently passed a resolution ordering the work to be done.   Un-
der proceedings regularly taken therefor, a contract for doing
the work was afterward entered into on behalf of the city with

the respondent. After the respondent had commenced work under this contract, the plaintiffs, who are owners of property fronting upon that portion of Santa Clara street, commenced the present action to restrain him from its further prosecution. In their complaint they allege that in the year 1888 this portion of Santa Clara street was improved, under contracts entered into therefor with the city authorities under proceedings taken by virtue of the provisions of the street improvement act of March 18, 1885, and that thereafter the city duly adopted resolutions by which it accepted this portion of Santa Clara street, and agreed that it would thereafter keep the roadway thereof open and in repair, and that the expense of so doing should be paid out of the street contingent fund; that by reason thereof the city authorities had no jurisdiction to order an improvement of the street by which the cost should be imposed upon the adjacent lands. The defendant answered the complaint, and, the cause having been tried by the court, judgment was rendered in his favor and dissolving an injunction previously granted. The plaintiffs have appealed from this judgment upon the judgment-roll alone.

The court found that the street had been improved in the year 1888, as alleged in the complaint, but that the contract for said improvement had not been completed within the period fixed therein for its completion, and that by reason thereof the assessments issued for the expense of the work were void, and that therefore the ordinances subsequently adopted purporting to accept the street were null and void.

Section 20 of the street improvement act (Stats. 1885, p. 160) provides: "Whenever any street or portion of a street has been or shall hereafter be fully constructed to the satisfaction of the superintendent of streets and of the city council, and is in good condition throughout," the same shall be accepted by the city council and thereafter kept in repair and improved by the city at the public expense. The authority here given to the city council to accept the street is conditioned merely upon the street having been "fully constructed" as therein specified. Whether the work of such construction was done by the owners of the adjacent land at their own expense, or under a contract with the city; whether such contract was valid or not, or was so performed as to entitle the contractor to an assessment therefor; or whether

the owners of the land assessed paid the assessment without objection, or successfully contested its enforcement, are matters immaterial to the validity of such acceptance of the street. If the street has been in fact fully constructed to the satisfaction of the superintendent of streets and of the city council, and is in good condition throughout, the duty is placed upon the city council to accept the same, and after such acceptance to keep it in repair at the public expense.

Notwithstanding the acceptance of a street, the city council still retains jurisdiction to order its improvement, and the provision in section 20 of the act aforesaid, requiring the municipality to improve such street at the public expense, is subordinate to the provision in section 2 of the same act that the city council may order such improvement "whenever the public interest or convenience may require," and also to the provision in section 1 that when such order is made the work must be done under the proceedings described in the act. (*Santa Cruz etc. Co. v. Broderick,* 113 Cal. 628.) It was held in the case just cited that the board of supervisors had no power to direct the superintendent to enter into a contract for doing such work, unless it was awarded to the lowest responsible bidder after proposals had been invited under the provisions of section 5. It necessarily follows from the principles of this case that, as the city council had the power to award to the respondent a contract for doing the work, he could not be enjoined at the instance of the plaintiffs from performing the contract upon the ground that by reason of the acceptance of the street the cost of the improvement was to be borne at the public expense. The contract between the defendant and the city was legally entered into, and it is not alleged that the work to be done by him thereunder will injuriously affect the plaintiffs. Whether the cost of that work shall be borne by the city, or be assessed upon the adjacent lands, will be determined after the work under the contract has been completed. If, for any reason, an assessment therefor cannot be legally made upon the lands of the plaintiffs, they will then be entitled to relief against such procedure, or can successfully defend any proceeding to enforce the assessment.

The judgment is affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.