L. C. MASON *et al.* v. THE CITY OF INDEPENDENCE *et al.*

**No. 11,332.** (59 Pac. 272.)

CITIES AND CITY OFFICERS—*Paving Street—Injunction.* An action was brought to enjoin a city and its officers from proceeding with the paving of certain streets, but no contract to pave had been let and no paving had been done; no appraisement of the values of the lots and parcels of ground to be charged had been made, nor steps taken by which the assessment on each could be ascertained, and no ordinance had been adopted authorizing the levy and collection of a tax or assessment to pay for the paving. *Held,* that the action was prematurely brought.

Error from Montgomery district court; A. H. SKIDMORE, judge. Opinion filed December 9, 1899. Affirmed.

*T. H. Stanford, Ergenbright & Banks,* and *John Bertenshaw,* for plaintiffs in error.

*J. B. Ziegler,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was a proceeding by a number of owners of real estate in Independence to enjoin the city and its officers from proceeding to pave certain streets and from levying a tax to pay for the same. A temporary injunction was allowed by the probate judge, but afterward the district court sustained a demurrer to the plaintiffs' petition and dissolved the temporary injunction.  These rulings, of which complaint is made, appear to have been based on the ground that the action was prematurely brought.

The averments of the petition pertinent and material to the question before us are that the mayor and and council of the city adopted a resolution declaring that the paving of certain designated streets was a necessity ; that subsequently an ordinance was passed authorizing and ordering the paving to be done, which recited that the resolution declaring the improvement to be necessary had been duly published, and that a majority of the resident owners of property did not, within twenty days of the publication, protest against the making of the improvement, and it directed the city engineer to make an estimate of the cost of the improvement, and to submit the same to the council for its approval.  Subsequently the plans and specifications for the paving were adopted, and the estimates made by the city engineer were approved.  It was alleged that the plaintiffs, who constituted a majority of the resident owners of the property, did not protest within twenty days after the last publication of the resolution declaring the improvement to be necessary because it was represented to them that the cost of the improvement to each of them would be much less than it appeared that it would be accord-

ing to the estimate of the city engineer. While there are averments that the officers of the city are threatening to proceed further in the making of the improvement, it appears that no contract for the paving has been let, no paving has been done, and no ordinance has been adopted levying any taxes or assessments to pay for the proposed improvement. Indeed, no one has yet been appointed to appraise the value of the different lots owned by the plaintiffs, nor has any step been taken by which the assessment on the lots has been ascertained or is ascertainable.

The provision under which this proceeding is brought authorizes the granting of an injunction against the illegal levy or collection of a tax or assessment, or a proceeding to enforce the same. (Gen. Stat. 1897, ch. 95, § 263; Gen. Stat. 1899, § 4516.) The preliminary steps that have been taken have not proceeded to an assessment nor resulted in a levy or charge against the property of any of the parties. No contract may ever be let, and if any paving is subsequently done it may be postponed so that the complaining parties may not own the property or be affected by the assessment. The statute under which the paving was to be done (ch. 104, Laws 1887, Gen. Stat. 1897, ch. 37, §§ 135–141; Gen. Stat. 1899, § 980), provides that an owner of property shall not bring a suit to set aside the assessment after the expiration of thirty days from the time the amount due upon each lot is ascertained, and it would seem that, until an appraisement was made and the amount to be charged against each lot or parcel of land was ascertained, no cause of action accrued in favor of the plaintiffs. Before that time the danger of injury to the plaintiffs was too remote and problematical to warrant the granting of an injunction, and the result

of a number of decisions heretofore made is that an action instituted before that time is prematurely brought. (*Bridge Company v. Comm'rs of Wyandotte County*, 10 Kan. 326; *Challiss v. City of Atchison*, 39 id. 276, 18 Pac. 195; *Dever v. Junction City*, 45 id. 417, 25 Pac. 861; *Andrews v. Love*, 46 id. 264, 26 Pac. 746; *Comm'rs of Seward County v. Stoufer*, 47 id. 287, 27 Pac. 1000; *Comm'rs of Barber County v. Smith*, 48 id. 331, 29 Pac. 565; *Andrews v. Love*, 50 id. 701, 31 Pac. 1094.)

The judgment of the district court will be affirmed.