THE CITY OF KANSAS CITY v. WM. R. SMILEY *et al.*

No. 11,862.   (64 Pac. 613.)

CITIES OF THE FIRST CLASS — *Sewers — Injunction.* Where a city of the first class is proceeding to construct a sewer, and, having declared such improvement necessary, has let a contract for the work, but has not apportioned the cost of the same, or caused any tax to be assessed against the lots within the sewer district, an action by an owner of real estate in such district to enjoin the city from levying against his property assessments or taxes for the cost of such improvements is prematurely commenced and cannot be maintained.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed April 6, 1901. *In banc.* Reversed.

STATEMENT.

THIS action was commenced on the 20th of February, 1900, by William R. Smiley, to enjoin the city of Kansas City from building a sewer. A few days after the commencement of said action the defendants in error A. Horstman and S. S. Kirby were allowed to intervene and to file separate answers therein, in which they asked for an injunction against the construction of the sewer, and against the levy of assessments on their property to pay for the construction of the same. The action was tried on the 29th of April, 1900, and at the trial the orginal plaintiff, Smiley, abandoned the prosecution of the suit commenced by him. Judgment was rendered by the court against him and in favor of the intervenors, Horstman and Kirby, enjoining the city and the contractor, T. J. Enright, from constructing said sewer, and the city from levying assessments or taxes for the cost thereof against the property of said A. Horstman and S. S. Kirby, or any other persons.

The court made findings of fact, from which it appears that the city had let a contract for the construction of such sewer, and had taken the usual preliminary steps for the construction of the same, but had not apportioned or attempted to levy a tax on any of the real estate liable to be assessed and taxed for the construction of such sewer. Finding No. 19 was as follows: "There is no evidence in this case that any assessment had been levied upon any property for the payment of the cost of the construction of the sewer in controversy."

*T. A. Pollock*, city counselor, and *F. D. Hutchings*, city attorney, for plaintiff in error.

*Cowden & Snell*, and *J. A. Smith*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J.: This action was prematurely brought. The court below properly held that the original plaintiff, Smiley, could not maintain his action, and the defendants Horstman and Kirby can have no standing in court for the purpose of contesting generally the right of a city to construct a proposed improvement, but can only be heard to complain when their personal rights are jeopardized.

In this case the city has not apportioned the cost of constructing the proposed sewer upon the real estate lying in the district, and may never do so. It has not levied any tax on the property of the intervenors, and it cannot now be known that such a tax will ever be levied. At the time this action was commenced the danger of injury to the intervenors "was too remote and problematical to warrant the granting of an injunction," and the action, therefore, cannot be main-

tained. (*Mason v. Independence,* 61 Kan. 188, 59 Pac. 272.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with this opinion.