## Princess Amusement Company *v.* Metzger, Chief of Police, et al.

[No. 20,984.  Filed November 26, 1907.]

1. **Municipal Corporations.** — *Ordinances.* — *Void.*—*Injunction.*— The mere fact that a municipal ordinance is void does not give a party the right to an injunction against the enforcement thereof. p. 381.

2. **Same.**—*Ordinances.*—*Nuisance.*—*Skating Rinks.*—A municipal ordinance making it unlawful "to locate, build, erect and maintain or to establish and maintain" a skating rink in certain places in the city does not make unlawful the locating, building, erecting or establishing of a skating rink in such places, a prosecution being impossible until such skating rink is maintained within such territory. p. 381.

3. NUISANCE.—*Abatement.*—*Skating Rinks.*—*Ordinances.*—Where a city ordinance forbids the maintenance of a skating rink within certain territory, and makes the maintenance thereof a nuisance, a building cannot be held to constitute a nuisance, unless it is maintained as a skating rink, the unlawful use only being subject to abatement. p. 382.

4. INJUNCTION.—*Skating Rinks.*—*Building Permits.*—*Refusal to Give.*—*Mandamus.*—Where a city ordinance makes unlawful the maintenance of a skating rink, but not the erection thereof, the remedy of the owner, upon the refusal of the building inspector to issue a permit for the erection thereof, is an action in mandamus to compel the issuance of a permit, and not a suit for injunction against the enforcement of the ordinance. pp. 382, 383.

5. PLEADING.—*Complaint.*—*Injunction.*—*Enforcement of Skating Rink Ordinance.*—A complaint alleging that the building inspector, acting under an invalid skating rink ordinance making it unlawful to maintain a skating rink in certain territory, threatens to, and will, in violation of plaintiff's rights, continue to enforce such ordinance by refusing to consider any application for the construction of a building designed for skating rink purposes, does not show an enforcement of, or an attempt to enforce, such ordinance by such inspector. p. 383.

6. APPEAL.—*Briefs.*—Where appellant, in its brief, fails to set out a questioned paragraph of complaint, or a condensed statement thereof, no question thereon will be considered. p. 384.

From Superior Court of Marion County (72,555) ; *James M. Leathers,* Judge.

Suit by the Princess Amusement Company against Robert Metzger, as chief of police of the City of Indianapolis, and others. From a judgment for defendants. plaintiff appeals. *Affirmed.*

*Charles A. Weathers* and *William S. Taylor,* for appellant.

*Frederick E. Matson, Crate D. Bowen* and *Joseph F. Cowern,* for appellees.

MONKS, C. J.—This suit was brought by appellant against the city of Indianapolis, its chief of police, board of public safety and building inspector to enjoin the enforcement of an ordinance of said city on the ground that the same is void. The separate demurrer of each appellee to said com-

plaint for want of facts was sustained to each paragraph thereof, and, appellant refusing to plead further, judgment was rendered in favor of appellees.

The errors assigned call in question the action of the court in sustaining said demurrers.

It appears from the first paragraph of complaint, which is set out in appellant's brief as required by clause five of rule twenty-two of this court, that appellant is a corporation organized under the laws of this State; "that defendant, Thomas A. Winterrowd, is the duly appointed, qualified and acting building inspector of the city of Indianapolis, Indiana, charged with the duty of approving all plans and specifications of buildings to be constructed in Indianapolis, and it is made his duty to approve all plans complying with the city ordinances and laws of Indianapolis, Indiana; that, in pursuance to the provisions of its articles of incorporation, plaintiff purchased and is now the owner of the following described real estate in Marion county, Indiana [describing it] ; that plaintiff purchased same for the purpose of building thereon and operating a skating-rink, and paid therefor more than $17,000; that at the date of said purchase there was no city ordinance or state law prohibiting the owning, building or operating of a skating-rink in Indianapolis; that at said date there existed a city ordinance authorizing the licensing and operation of skating-rinks; that there is now, and was at the date of said purchase, a dwelling-house used for residence purposes within less than one hundred feet of said real estate; that the plaintiff purchased said real estate for the purpose of building thereon a hall to be used as a public hall and as a health resort, and especially to be used as a skating-rink; that in pursuance to said purpose and authority, and at great cost, the plaintiff caused to be prepared, by a skilful and learned architect, plans and specifications for the construction of a beautiful and spacious hall, which plans and specifications of said proposed build-

ing in all respects complied with all the laws and regula-
tions of the city ordinances of Indianapolis, Indiana, regu-
lating the construction of such buildings, except as herein-
after set out; that plaintiff proposes and intends and will
use said building as a public hall and for conducting a
skating-rink, within reasonable hours, for a part of the year,
from 9 o'clock a. m. to 11 o'clock p. m.; that the same will
be conducted and maintained in an orderly and legitimate
manner, and in such manner as not to be a private or public
nuisance, and in such a manner as not to annoy or injure
the public; that no disorderly or immoral conduct will be
allowed; that said building will be constructed of brick
and the very best building material, and will be modern in
all respects; that the defendants know such to be the pur-
pose of plaintiff; that subsequent to the organization of
plaintiff company and the purchase of said lots, and for the
purpose of preventing plaintiff from constructing said
building and operating therein a skating-rink as aforesaid,
there was duly passed by the city council of Indianapolis,
and approved by the mayor thereof, an ordinance which is
in words and figures as follows [setting out said ordinance];
that, after the passage of said ordinance, plaintiff filed with
defendant Thomas A. Winterrowd, inspector of buildings,
plans and specifications for said building, and requested
an approval of same and a permit to build said hall; that
said plans complied with all the ordinances of Indianapolis
regulating buildings of this character, except the skating-
rink ordinance hereinbefore set out; that said defendant
Winterrowd, as building inspector, admitted that said plans
and specifications entitled plaintiff to an approval and a
permit to build, except for the provisions of said skating-
rink ordinance, but declared that, under the provisions of
said skating-rink ordinance, it was unlawful to construct
such a building, and that it was unlawful for him, as
building inspector, to give his approval to the plans and
specifications, or to authorize a permit for the construction

of the same, and that he would not at any time in the future consider said plans or give his approval thereto, and that he would abate the construction and operation of a skating-rink; that said defendant Winterrowd, acting under said invalid ordinance, threatens to, and will, in violation of plaintiff's rights, continue to enforce said skating-rink ordinance, by refusing to consider any and all applications and specifications for the construction on said real estate of the building hereinbefore referred to; that the defendant Winterrowd, as building inspector, and the defendants Lew W. Cooper, Charles W. Tutewiler and William Schoppenhorst, constituting the board of public safety of Indianapolis, and Robert Metzger, as chief of police of Indianapolis, and the city of Indianapolis, are threatening to, and will, in violation of plaintiff's rights, wrongfully and without authority, enforce against the plaintiff, its officers, employes and agents, said invalid skating-rink ordinance, in order to prevent plaintiff from constructing a skating-rink hall according to the plans and specifications hereinbefore referred to, and are threatening to, and will, unless restrained, cause the arrest of the plaintiff's officers, agents and employes if plaintiff attempts the construction of said hall or operation of a. skating-rink in said hall; that they will cause the arrest and imprisonment of plaintiff's said agents, officers and employes and the assessment of fines against the plaintiff, and in divers other ways harass and injure the plaintiff, and prevent it from constructing or operating said building as a skating-rink, and thereby prevent plaintiff from the lawful use of its said property to its very great and irreparable injury; that plaintiff has no adequate remedy at law to prevent said wrongful act." Said paragraph further alleges the grounds upon which said skating-rink ordinance is claimed to be void. Then follows a prayer that defendants and each of them be enjoined from enforcing said skating-rink ordinance.

Said ordinance provides: "That it shall hereafter be unlawful for any person, partnership or corporation to locate, build, erect and maintain or to establish and maintain, any skating-rink for roller-skating in the city of Indianapolis within one hundred feet of any dwelling-house used for residence purposes" or "within any block or square upon which there is a church or public school building. Any person, partnership or corporation violating any provision of the ordinance shall be fined in the sum of $100 for the first offense and the sum of $25 for each additional offense, and every day said ordinance is violated shall constitute an additional offense."

Section four of said ordinance provides that "any skating-rink for roller-skating, erected or established in violation of this ordinance, shall be deemed a nuisance, and may be abated as such; and it is hereby made the duty of the building inspector of the city of Indianapolis to abate the same as a nuisance by proper steps taken."

It is proper to say that the mere fact that an ordinance of the city is void, does not furnish sufficient ground for enjoining its enforcement. 22 Cyc. Law and Proc., 891, 892; 2 High, Injunctions (4th ed.), §1244; McQuillin, Mun. Ordinances, §285; *Smith* v. *Smith* (1902), 159 Ind. 388, 389-391; *City of Rushville* v. *Rushville Nat. Gas Co.* (1892), 132 Ind. 575, 587, 15 L. R. A. 321; *Davis* v. *Fasig* (1891), 128 Ind. 271, 276.

It will be observed that locating, building, erecting or establishing "any skating-rink for roller-skating," within the prohibited limits, is not a violation of said ordinance, unless it is also maintained as such. The same may be located, built, erected or established without committing any offense under said ordinance if not maintained for that purpose. It is clear from the provisions of said ordinance that there can be no prosecution against appellant or its officers for a violation thereof until

said building is erected and maintained as "a skating-rink for roller-skating."

It follows that the same cannot be deemed a nuisance under section four of said ordinance, unless maintained as "a skating-rink for roller-skating." The nuisance under said section consists in maintaining the building for the purpose made unlawful by said ordinance and not in the building itself. In such case it is only the unlawful use that can be abated. 1 Am. and Eng. Ency. Law (2d ed.), 78 cl. b., and note 4; *Bloomhuff* v. *State* (1846), 8 Blackf. 205; *Barclay* v. *Commonwealth* (1855), 25 Pa. St. 503, 64 Am. Dec. 715; *Brightman* v. *Inhabitants, etc.* (1876), 65 Me. 426, 20 Am. Rep. 711; *Gray* v. *Ayres* (1838), 7 Dana (Ky.) *375, 32 Am. Dec. 107 and note page 111; *Ely* v. *Board, etc.* (1867), 36 N. Y. 297; *Welch* v. *Stowell* (1846), 2 Doug. (Mich.) *332.

It appears from said paragraph that the building has not been erected for the reason that the inspector of buildings has refused, and will continue to refuse, to grant the proper permit therefor on account of the ordinance complained of. It is the theory of appellant as shown by said paragraph that it has no right to, and cannot legally, erect said building without first obtaining a permit so to do from the building inspector of said city. It is evident, therefore, that the threatened prosecutions of appellant and its officers for a violation of said ordinance alleged in said paragraph are not impending or imminent, nor is there any showing or reasonable ground for believing that said city or its officers are about to commence the prosecutions or cause the arrests alleged. Under such facts there is no ground for injunction even if said ordinance is void, as claimed by appellant, a question we need not and do not decide. 1 High, Injunctions (4th ed.), §22, p. 37; 2 Beach, Injunctions, §1301; 1 Spelling, Injunctions (2d ed.), §660; 22 Cyc. Law and Proc., 757, 758; 16 Am.

and Eng. Ency. Law (2d ed.), 361; *Smith* v. *Smith, supra;* *Pugh* v. *Irish* (1873), 43 Ind. 415; *Board, etc.,* v. *Smith* (1892), 48 Kan. 331, 29 Pac. 565; *City of Kansas City* v. *Hobbs* (1900), 62 Kan. 866, 62 Pac. 324, and cases cited; *Mason* v. *City of Independence* (1899), 61 Kan. 188, 59 Pac. 272, and cases cited; *City of Hutchinson* v. *Delano* (1891), 46 Kan. 345, 350, 26 Pac. 740, and cases cited; *Lester Real Estate Co.* v. *City of St. Louis* (1902), 169 Mo. 227, 234, 235, 69 S. W. 300, and authorities cited; *Inhabitants, etc.,* v. *Mackintosh* (1882), 133 Mass. 215; *Newark, etc., Board* v. *City of Passaic* (1890), 46 N. J. Eq. 552, 20 Atl. 54, 22 Atl. 55, and cases cited.

The allegation that said building inspector, "acting under said invalid ordinance, threatens to, and will, in violation of plaintiff's rights, continue to enforce said skating-rink ordinance by refusing to consider any and all applications and specifications for the construction of the building, hereinbefore referred to, on said real estate," does not show an enforcement of or an attempt to enforce the skating-rink ordinance by said building inspector.

If the theory of appellant that said skating-rink ordinance is void is correct, it may be that said paragraph shows that said building inspector is refusing to perform his duty under the ordinances regulating the erection of buildings in said city, but as this is not an action to compel him to perform any duty we express no opinion on that question. In such case the remedy, if any, is an action to compel the building inspector to issue the building permit to appellant, and not a suit for injunction. If said ordinance is valid, however, no such action can be maintained. It follows that the demurrer was properly sustained to said first paragraph.

As appellant has failed to set out in its brief the second paragraph of the complaint, or a condensed or succinct

statement thereof, as is required by rule twenty-two
6. of this court, it has waived the determination of the
sufficiency thereof to withstand the demurrer for
want of facts. *Schreiber* v. *Worm* (1904), 164 Ind. 7, 9, 10;
*Tuthill Spring Co.* v. *Holliday* (1904), 164 Ind. 13, 14.
Judgment affirmed.