LEWIS H. MERRITT v. CITY OF DULUTH and Others.[1]

January 31, 1908.

Nos. 15,445—(180).

**Local Improvement—Injunction—Testing Validity.**

   The validity of special assessments for local improvements ordered by
municipal authorities cannot be determined in an action brought by a
general taxpayer to restrain the authorities from making the improve-
ment; the basis of the action being that, if the special assessments fail,
the expense of the improvement will fall upon the general taxpayers.

**Action by General Taxpayer.**

   A general taxpayer has no right of action until an attempt is made to
defray the expense of the improvement from the general funds of the city.

   Action in the district court for St. Louis county by a taxpayer to
restrain defendant city and its board of public works from letting a
contract for the paving of a certain street. From an order, Dibell, J.,
discharging an order to show cause and a temporary restraining or-
der, plaintiff appealed. Affirmed.

   *A. E. McManus,* for appellant.
   *Bert Fesler,* for respondents.

BROWN, J.

   Action by a general taxpayer of the city of Duluth to restrain and
enjoin the municipal authorities from letting a contract for the im-
provement of one of the city streets. A temporary injunction was
issued at the commencement of the action, and thereafter dissolved
on motion of defendant, and plaintiff appealed.

   The facts briefly stated, are: The proposed improvement, the pave-
ment of a street, which plaintiff seeks to enjoin, was ordered by the
city council upon the petition of certain property owners, and extends
in part along and upon Ramsey street and in part upon Oneota street.
Oneota street intersects Ramsey at an angle of about forty six de-
grees, and the two constitute one of the principal thoroughfares of
the city. A street railway is located thereon, starting from some point

[1] Reported in 114 N. W. 758.

beyond Ramsey, running thereon up to the point of intersection with Oneota, where it turns and continues on that street through the city. The property owners who signed the petition for the improvement, with one exception, all reside and own property on Ramsey street, but own no property on Oneota street.

It is contended by plaintiff that the petition conferred no power upon the city council to order the improvement of the latter street, the expense to be paid by special assessment; none of the property owners thereon having petitioned for the same. The city contends that the two streets constitute one continuous highway, and may properly be ordered improved upon the petition of those who reside upon and own property upon Ramsey street only, and, further, that the council had authority, under its general legislative power, to order the improvement on its own motion, without petition from the property owners, into the exercise of which the courts cannot inquire.

We are not required to determine the merits of this controversy. The theory of plaintiff's action is that the city has no authority to order this improvement because the petition therefor is insufficient, and that, if it be ordered and the improvement made, the expense thereof must be paid from the city's public improvement fund, or by the general taxpayers, for it cannot, under section 358 of the city charter, be assessed against benefited property. It appears from the pleadings, and it was conceded for the purposes of the argument in this court, that the city authorities have ordered the improvement made, that special assessments have been levied against the abutting property to defray the cost thereof, and that the assessment proceedings were being contested by the property owners along Oneota street, which proceedings are still pending and undetermined in the district court of St. Louis county. In view of this state of the record, no real or substantial controversy is presented.

Improvements of the character of that here involved are made under authority of the municipal charter, the expense of which is to be defrayed by special assessments upon benefited property. The objection that no special assessment can be lawfully made for this particular improvement, because not petitioned for by the requisite number of property owners on Oneota street, is not open to plaintiff, a

general taxpayer. Those whose property is assessed are alone interested, and the court should not in this action determine the merits of the assessment proceedings. The proper parties are not before us. It is probable that the right of the city to assess or reassess the property abutting upon this improvement, both along Oneota and Ramsey streets, will be controlled by the case of City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424, and other later cases wherein that decision has been followed, and State v. District Court of Blue Earth County, 102 Minn. 482, 113 N. W. 697, and cases cited. But we do not determine that question at this time. Whether the assessment of the property on Oneota street, or a reassessment, will be controlled by these cases or not, plaintiff, a general taxpayer, has no interest in the matter, and can have no standing in court until an attempt is made by the city authorities, after the assessment fails, if it does fail, to discharge the debt from the general funds of the city. That may never occur.

Nor need we consider the question whether, under the general legislative authority to pave, macadamize, and otherwise improve streets, conferred by section 356 of the city charter, the city has the power to order this particular improvement. The courts have no jurisdiction to restrain or enjoin the exercise of legislative functions delegated by law to municipal corporations. If the power to make this improvement exists under the charter, plaintiff cannot complain. If it does not exist, and the action of the council in ordering the improvement is ultra vires and void, no valid tax can be levied to defray the expense of the work. All persons dealing with municipal corporations are bound to know the extent of their power and authority, and no claim of innocent contractor's rights will arise in this case, if the contract be let and the work completed.

Order affirmed.