[Civil No. 1056.    Filed March 20, 1909.]

[100 Pac. 792.]

SANTA CRUZ COUNTY, Plaintiff and Appellant, v. IG-
NATIUS BURGOON, JAMES HARRISON, and OSCAR
F. ASHBURN, Supervisors of Santa Cruz County, Ari-
zona, and A. C. KINGSLEY, Defendants and Appellees.

1. COUNTIES — REMEDIES OF TAXPAYERS — INJUNCTION — PAYMENT OF
MONEY BY COUNTY BOARD.—Under Civil Code of 1901, paragraph
955, providing that an action for injunction may be brought by the
district attorney whenever a board of supervisors shall without
authority of law order any money paid out of the county treasury, a
complaint, which nowhere alleges that such an order for the payment
of any money has been made, fails to state a cause of action.

2. INJUNCTION—ANTICIPATED ACTION.—Unless expressly authorized by
statute, injunction will not lie to restrain anticipated action or a
mere threat of a county board of supervisors, where no action has
been taken, official order given, or attempt made by them to perform
or accomplish the act asked to be enjoined.

3. SAME—ADEQUATE REMEDY AT LAW.—An injunction on general
equitable grounds will not be granted where there is an adequate
remedy at law.

4. SAME—SAME.—Civil Code of 1901, paragraph 955, authorizing the
district attorney to bring suit in the name of the county for the re-
covery of money unlawfully paid by the county board of supervisors
against such supervisors and the party or parties in whose favor the
order shall have been made, gives in express terms an adequate
remedy at law precluding injunction on general equitable grounds
against payment, where an injunction cannot be had under the
statute because no order for payment of money has as yet been made.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for the County of Santa Cruz.
Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

W. A. O'Connor, District Attorney, and Eugene S. Ives,
and S. L. Pattee, for Appellant.

The appointment of Kingsley as such county superintendent
of health was null and void, and any payment to him out of
the funds of said Santa Cruz county of any salary or compen-

sation as such county superintendent of health was an illegal payment which the plaintiff was entitled to have enjoined under paragraph 955 ·of the Revised Statutes of 1901.

Section 6 of Act 65, Laws of 1903, establishes a county board of health, composed of the chairman of the board of supervisors, the district attorney, and a third member to be appointed by the board of supervisors. It then provides that the board of supervisors shall appoint a county superintendent of public health for the county, who shall be a practicing physician within the county, and who shall hold his office for two years, and until his successor is elected and qualified.

' The court erred in sustaining said demurrer and in rendering judgment for the defendants.

Paragraph 1048 of the Revised Statutes of 1901 provides that no person is eligible to a county office, whether elective or appointive, who, at the time of his election or appointment, is not an elector of the county or precinct in which the duties of the office are to be exercised. This statute applies to all county officers and prescribes general qualifications which any officer, elective or appointive, must possess at the time of his election or appointment. It is a settled rule of law that the election or appointment of an ineligible person is absolutely void. *State* v. *Newman,* 91 Mo. 445, reported *sub. nom. State* v. *Aldermen Pierce City,* 3 S. W. 849; *State* v. *Crawford,* 17 R. I. 292, 21 Atl. 546; 23 Am. & Eng. Ency. of Law, 2d ed., 338.

The right to compensation follows the title to the office,-and if the person elected or appointed is ineligible at the time of his election or appointment, he cannot recover compensation, and no money can be legally paid him by the way of salary or compensation for such services by county officers, and the fact that he might as to the public be a *de facto* officer in no wise gives him the right to recover compensation, or the board of supervisors the right to pay him. *Meagher* v. *Storey County,* 5 Nev. 244; *People ex rel. Stratton* v. *Oulton,* 28 Cal. 44; *Nichols* v. *McLean,* 101 N. Y. 526, 54 Am. Rep. 730, 5 N. E. 347; *Andrews* v. *City of Portland,* 79 Me. 484, 10 Am. St. Rep. 280, 10 Atl. 458.

Paragraphs 955, 956 and 957, Revised Statutes, give the· absolute right to enjoin all illegal payments of county moneys or to recover them back when paid.

Frank J. Duffy, for Appellees.

The remedy sought was not the proper one, and the court could do nothing but sustain the demurrer. The eligibility of the appointee being the only matter before the court, the board of supervisors having acted within the scope of their authority, and being the sole and only judges of the qualifications which combine to make the appointee eligible, their action in so making the appointment will stand until it is brought into court for review in the proper manner and by the proper proceeding, which, as provided by paragraph 1049, is by appeal or *certiorari*. An injunction will not lie, especially in the face of the statute providing a remedy at law.

"An injunction will not lie to restrain the *anticipated* action or mere threat of the board of supervisors of a county." *Merriam* v. *Board of Supervisors of Yuba Co.*, 72 Cal. 517, 14 Pac. 137; *Board of Commrs.* v. *Stoufer*, 47 Kan. 287, 27 Pac. 1000.

DOAN, J.—In this action the appellant, by W. A. O'Connor, its district attorney, brought an action in the district court of Santa Cruz county, pursuant to the provisions of paragraph 955, Civil Code of 1901, and asked to have the defendants Burgoon, Harrison, and Ashburn, as supervisors of Santa Cruz county, enjoined and restrained from paying to the defendant Kingsley any money out of the public funds of Santa Cruz county for salary or compensation for services as county physician or county superintendent of health of said county, and to enjoin and restrain said Kingsley from receiving or collecting. any moneys out of the public funds of said county as salary or compensation for services as such county physician or county superintendent of health. The complaint alleged that the board of supervisors of Santa Cruz county had theretofore appointed said Kingsley to the office of county superintendent of health at a salary of $300 per annum, payable monthly, and had appointed said Kingsley as county physician of said county, and at the time of both said appointments Kingsley was ineligible to be appointed to the office of county superintendent of health, or to fill the position as county physician, for the reason that the said defendant Kingsley was not then, and has never since then been, an elector of the said Santa

Cruz county, and that said board of supervisors has threatened to, and will, unless restrained therefrom, pay, or cause to be paid, to said defendant Kingsley out of the public moneys of said Santa Cruz county a salary of $25 a month for alleged services as county physician, and a salary of $25 per month for services as superintendent of health, making in all $50 per month, and such payment will be illegal and not authorized by law. To this complaint the defendants interposed a general demurrer, on the ground that the said complaint does not state facts sufficient to constitute a cause of action. When the case came on to be heard on the demurrer to the complaint, the parties stipulated in open court that the appointment of Kingsley as county superintendent of health regularly pursued the authority conferred on the board of supervisors by Act No. 65 of the Laws of 1903, and that the appointment of Kingsley as county physician was regular, and in pursuance of the provisions of paragraph 1029 of the Civil Code, and that the sole question the court was called upon to determine upon the demurrer was whether Kingsley was ineligible to hold such appointment by reason of the fact that he was not an elector of the county at the time of either of his appointments, whereupon the court, in the light of the stipulation, sustained the demurrer upon the ground that the plaintiff was not entitled in this action to the remedy sought, the plaintiff elected to stand upon its complaint, and judgment was rendered for the defendants. From such ruling and judgment and the denial of a motion for a new trial, an appeal was taken to this court.

The only question presented on this appeal is the sufficiency of the complaint to state a cause of action. The action was brought under paragraph 955, Civil Code of 1901, and is so alleged in the verification to the complaint. The statute in this paragraph provides that: ''Whenever any board of supervisors shall, without authority of law, order any money paid out of the county treasury for salary, fees, or for any other purpose, such supervisors, and the party or parties in whose favor such order shall have been made, shall be responsible for all such sums of money and twenty per cent additional thereon, to be recovered as follows: The district attorney of such county is hereby empowered and it is hereby made his duty to institute suit in the name of the county against such supervisors and

others, or any number of them, to enjoin the payment of such money (or in case the same shall have been paid, then to recover the same) with twenty per cent and lawful interest and costs.'' It does not seem necessary to take into consideration the eligibility of the defendant Kingsley that was injected into the case by the stipulation above cited. If the allegations of the complaint state a cause of action, his ineligibility would become a material fact necessary to be established in order to recover the judgment sought, but that cannot be inquired into unless we have a case which presents it.

It is not necessary, nor is it desirable, to follow the counsel for the different parties in their discussion of what should be the law relative to the qualification of public officers, nor the powers, duties, or discretion of boards of supervisors; but, taking up the only question presented on this appeal, we look to the complaint to see if its allegations are sufficient to state a cause of action. The statute as cited above provides that ''whenever any board of supervisors shall, without authority of law, order any money paid out of the county treasury,'' the action may be brought, and, if brought before the payment of the money by the county treasurer, such payment can be enjoined, and, if brought after payment, the money can be recovered, but makes no provision for bringing the action, or for securing the injunction before the order for the payment of the money out of the county treasury has been made by the board. The complaint nowhere alleges that any such order for the payment of any money has been made. It therefore fails to state facts sufficient to constitute a cause of action under paragraph 955. Unless expressly authorized by statute, an injunction will not lie to restrain an anticipated action or a mere threat of a board of supervisors of a county, where no action has been taken, official order given, or attempt made by them to perform or accomplish the act asked to be enjoined. *Board of County Commrs.* v. *Stoufer,* 47 Kan. 287, 27 Pac. 1000, and cases cited. The allegations of the complaint are not sufficient to authorize the issuance of an injunction on general equitable grounds. One rule, among others, in cases of injunctions on equitable grounds, is that ''an injunction will not be granted where there is an adequate remedy at law.'' Paragraph 955, above cited, gives in express terms an adequate remedy at law. The injunction prayed for being for this

reason not authorized upon general equitable grounds independent of statute, and the action being prematurely brought if based upon the statute, the complaint failed in either instance to state a cause of action.

The demurrer was properly sustained, and the judgment of the lower court is therefore affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.