W. D. BALDWIN *et al., Appellants,* v. THE CITY OF NEODESHA *et al., Appellees.*

No. 16,291.

1. INJUNCTION—*Special Tax—Prematurity of Action.* A suit to enjoin the collection of a special tax, commenced before the amount of the tax was ascertained, was prematurely brought.

2. ——— *Limitation of Action.* A suit to enjoin the collection of a special tax, commenced more than thirty days after the amount of the tax was ascertained, was barred by limitation.

3. ——— *Grounds for Injunction—Petition.* A petition failed to state sufficient grounds for enjoining the collection of a special tax.

Appeal from Wilson district court. Opinion filed October 8, 1910. Affirmed.

*J. W. Sutherland,* for the appellants.

*C. W. Shinn,* for the appellees.

*Per Curiam:* This is an appeal from the district court of Wilson county for refusing to enjoin the county treasurer from collecting a sewer tax in the city of Neodesha which had been levied upon the property of the plaintiffs. This action was com-

menced July 21, 1906. The ordinance providing for the assessment of the tax was published September 8, 1906. This was the first time the amount of the tax was ascertained. An amended petition was filed by the plaintiffs November 3, 1906, by leave of court. On January 8, 1908, the case was dismissed by the court at the cost of the plaintiffs, and from this order they appeal.

The precise reason for the action of the court does not appear, but from what occurred at the time we assume that it was because of the time when the action was commenced. If it be said that the action was commenced when the original petition was filed, July 21, 1906 (forty-nine days before there was a cause of action in existence), then the case was prematurely commenced and that of itself was a sufficient reason for the dismissal. (*Mason v. Independence,* 61 Kan. 188; *Andrews v. Love,* 46 Kan. 264; *Comm'rs of Seward Co. v. Stoufer,* 47 Kan. 287; *Dever v. Junction City,* 45 Kan. 417; *Challiss v. City of Atchison,* 39 Kan. 276.) If, on the other hand, the permission to amend the petition granted by the court kept the case alive and it be said that the petition was not completed until the amended and supplemental petition was filed, November 3, 1906 (more than fifty days after the cause of action accrued), then the action was not commenced in time and for that reason the dismissal was correct. (*Kansas City v. McGrew,* 78 Kan. 335; *Railway Co. v. Spaeth,* 82 Kan. 861; *Railroad Co. v. Kansas City,* 73 Kan. 571.)

It may be said also that the petition contained allegations of mere irregularities of the council in taking the steps properly initiated and did not show sufficient cause for an injunction. (*Railroad Co. v. Kansas City,* 73 Kan. 571; *Falloon v. Hiawatha,* 66 Kan. 769.)

Upon the whole case we are unable to say that the court committed error, and the judgment is affirmed.