## PITSER v. CITY OF PAWNEE *et al.*

No. 6779. Opinion Filed March 30, 1915.

Rehearing Denied June 8, 1915.

(149 Pac. 201.)

1. **MUNICIPAL CORPORATIONS—Street Paving—Publication of Resolution—Injunction—Prematurity.** An injunction will not lie to restrain the publication of a resolution of a city council declaring that a necessity exists for the paving of certain streets of such city at the instance of a taxpaying property owner within the proposed improvement district, as such suit is premature.

2. **MUNICIPAL CORPORATIONS—Illegal Contract—Payment—Injunction.** Where no liability has accrued upon a contract alleged to be illegal, entered into by a city, and it does not appear that such city is threatening to make any payment thereon, no grounds for equitable interference are shown.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*

*L. M. Poe, Judge.*

Action by G. W. Pitser against the City of Pawnee, a corporation, and others. From an order dissolving a temporary injunction, plaintiff brings error. Affirmed.

*McNeill & McNeill*, for plaintiff in error.

*F. C. Shoemaker*, for defendants in error.

HARDY, J.    Plaintiff in error seeks to reverse an order of the judge of the Twenty-first district in dissolving a temporary injunction theretofore made. At the time of the hearing, neither party offered. any evidence, and the action of the judge is equivalent to holding that the petition does not state a cause of action. Both parties seem to have considered this case in this light, and in the oral argument it was presented on that theory, so we shall consider it in the same way.

The petition alleges, in substance, that defendants in error, who were defendants below, had entered into a contract with the Benham Engineering Company to prepare estimates and specifications preparatory to paving certain streets of the defendant city; that said engineering company was not a resident of the defendant city, and could not and did not qualify as such city engineer; and that said contract provided that a certain per cent. of the contract price should be paid said engineering company if said improvements were constructed, and that if said improvements were not constructed by reason of a sufficient protest being filed by the property owners, the sum of $50 was to be paid; that a resolution declaring that a necessity existed for such improvements had been passed by the mayor and council, and publication thereof was sought to be enjoined, and also the payment of any sum to the engineering company. The petition also contained the usual allegations that plaintiff was a resident property owner and taxpayer; and various other objections were urged. An answer under oath was filed, which admits

certain allegations and denies all those allegations of the petition which question the right of the engineering company to perform the services complained of, and also denies the allegation that defendants in error are about to expend unlawfully any sums of money as alleged.

The question presented is whether or not a taxpayer and property owner within a proposed improvement district may maintain an action to enjoin proceedings preliminary to letting a contract and levying an assessment for the payment thereof prior to the time the contract is actually let and an assessment provided for. If so, the order dissolving the temporary injunction was error; if not, the same should be affirmed.

Section 615, art. 12, Rev. Laws 1910, provides that, when the mayor and council deem it necessary to pave any of the streets of the city, they shall require the city engineer to prepare complete and accurate specifications and estimates, which when approved shall be filed with the city clerk; whereupon they shall pass a resolution declaring such work or improvement necessary, which resolution shall be published as provided. By section 616 the property owners are given a right to appear after such publication and protest against such proposed improvements, and if no sufficient protest is made, then the mayor and council are given the power to cause such improvements to be made and to contract therefor and levy an assessment. Section 622 provides the manner in which these steps shall be taken. The mayor and council are required to pass a resolution reciting that no sufficient protest has been made by the property owners to be affected and expressing the determination of the council to proceed with the improvements, defining the extent, character, and width thereof, the materials to be used, the manner of construction, and such other matters as shall be necessary to instruct the engineer in the performance

of his duties in preparing the necessary plans, plats, profiles, specifications, and estimates, which shall conform as nearly as practicable to the original specifications and estimates, and upon approval shall be filed with the city clerk. It is also provided by other sections of the same article how the contract shall be let at competitive bids after advertisement, and for the appointment of appraisers to appraise and apportion the benefits to the property affected, for objections to the report of such appraisers, and the correction of any errors therein, and for the levy of the assessment to pay for such improvements.

In the case at bar the defendants had proceeded only to the point where they were about to publish the original resolution declaring that a necessity existed for such work, so as to enable the property owners to appear before the council and present objections to the making of same, when this suit was brought. The estimates and specifications furnished by the engineer were not the final plans and estimates, and the approval thereof did not bind the defendants to adhere strictly to them, as final plans and estimates are required to be furnished after opportunity for objections by the property owners and after the council have determined to proceed with the work, neither of which had been, or could have been, done at the time the suit was begun. The city might abandon the steps taken and not make the improvements at all, and this it might do at any time prior to making the contract.

In *Shultz v. Ritterbusch*, 38 Okla. 478, 134 Pac. 961, this court said:

"And there can be no reason 'why the city may not reconsider and conclude not to make the proposed improvements and abandon all proceedings with reference thereto, at any time prior to the making of the contract."

See, also, *Barber Asphalt Co. v. Edgerton et al.,* 125 Ind. 455, 25 N. E. 436.

Under the circumstances of this case, we are of the opinion that the action was prematurely brought, and the action of the court in dissolving the temporary injunction should be affirmed. *Shultz v. Ritterbusch, supra; Barber Asphalt Co. v. Edgerton, supra; City of Kansas City v. Smiley,* 62 Kan. 718, 64 Pac. 613; *Mason v. City of Independence,* 61 Kan. 188, 59 Pac. 272; *Baldwin v. City of Neodesha,* 83 Kan. 263, 111 Pac. 185; *Lutman et al. v. Lake Shore & Mich. So. Ry.,* 56 Ohio St. 433, 47 N. E. 248; *Ballard v. City of Appleton,* 26 Wis. 67; *Blake v. City of Brooklyn,* 26 Barb. (N. Y.) 310; *Morris v. City of Bayonne,* 25 N. J. Eq. 345; *Merritt v. City of Duluth,* 103 Minn. 236, 114 N. W. 758; *Flickinger et al. v. Fay,* 119 Cal. 590, 51 Pac. 855.

By the terms of the contract with the engineering company, the city is bound to pay a certain per cent. of the contract price in the event the improvements are constructed, and if sufficient protest is filed by the property owners, and by reason thereof the improvements should not be made, then the city is to pay the engineering company $50. No liability had attached under the terms of the alleged contract, and it is not claimed that the city was about to make any payment thereunder, prior to the happening of the contingency which would fix the liability according to the contract itself; and inasmuch as the allegations of the petition which challenge the right of the engineering company to perform the services complained of are met by a denial in the answer, which is verified, and an issue of fact is thereby made, we think that on this state of the record there is not presented such a state of facts as would entitle the plaintiff to equitable relief in the present proceeding.

The order appealed from is, therefore, affirmed.

All the Justices concur, except KANE, C. J., absent.