THE STATE, MICHAEL CLARK, PROSECUTOR, v. THE MAYOR, &c., OF NEWARK.

1. The expenses of erecting booths under the election law of 1890 is to be borne equally by the county and the city, because they are used both in county and city elections.

2. The county must pay one-half the expense of canvassing and making the registry, and each city and township one-half, because it is used in every election. The county is to pay the cost of revising the registry for the November election, and each township is to pay for revising the registry for its spring election, and the city is to pay for revising the registry for its November election.

------

Application for *mandamus*.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Frederic W. Stevens.*

For the defendants, *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The question in this case is, how shall the cost of conducting elections under the act passed in 1890 (*Pamph. L., p.* 361) be distributed between the county and its cities and townships?

That act provides the mode for conducting all elections save town meetings, which are still governed by the old law, except as to registration.

In Essex county, municipal (including township) elections are held in the spring, except in the case of the city of Newark, where the municipal election takes place in October.

The election for members of assembly and county officers is held in November, at which time no township or city officers are voted for.

Sections 54 and 55 of the act provide how the expenses therein referred to shall be defrayed.

We have concluded that the just interpretation of the act in this respect is:

1. That the expenses of erecting booths shall be borne equally by the county and the city, because they are used both in county and city elections.

2. That the county shall pay one-half the expense of canvassing and making the registry, and each city and township one-half, because it is used in every election.

The county shall pay the cost of revising the registry for the November election, and each township shall pay for revising the registry for its spring election, and the city shall pay for revising the registry for its October election.

Although the registry was made at the instance of the county authorities for the November election, it will be resorted to and used by the city for the next October election. It seems, therefore, that the intention of the act was to impose the burden as above indicated.

Let a *mandamus* issue in accordance with this view.