ALLIED CHEMICAL & DYE CORPORATION, a corporation of the State of New York, and BY-PRODUCTS COKE CORPORATION, a corporation of the State of New York (Intervenor),

*vs.*

THE STEEL AND TUBE COMPANY OF AMERICA, a corporation created by and existing under the laws of the State of Delaware, CLAYTON MARK, HERBERT H. SPRINGFORD, ARMIN A. SCHLESINGER, HARRISON WILLIAMS, W. M. L. FISKE, EDWARD G. WILMER, LEONARD KENNEDY, ANSON MARK, CHARLES F. FAWSETT, GEORGE P. MILLER, FRANK F. CORBY, ADDISON H. BEALE, D. R. MCLENNAN, HARRY COULBY, CHARLES T. BOYNTON, CLINTON S. LUTKINS, E. D. WINKWORTH and C. D. CALDWELL, Directors of the said The STEEL and TUBE Company of America; CLARENCE DILLON, ROLAND L. TAYLOR, JOSEPH H. SEAMAN, JOHN W. HORNER, JR., JAMES DEAN, R. W. MARTIN, WILLIAM A. PHILLIPS, W. M. L. FISKE, WILLIAM A. READ, JR., E. J. BERMINGHAM and J. V. FORRESTAL, co-partners doing business under the firm name and style of Dillon, Read & Company; CLARENCE DILLON, ARMIN A. SCHLESINGER, HERBERT H. SPRINGFORD and EDWARD G. WILMER, as Trustees, and THE YOUNGSTOWN SHEET & TUBE COMPANY, a corporation created by and existing under the laws of the State of Ohio.

*New Castle, July* 31, 1923.

Where proposed sale of plant and assets by one corporation to another has been consummated pending suit for injunction by minority stockholders, the sale cannot be set aside without bringing the buying corporation into court.

While relative convenience and inconvenience of the parties will prompt courts to consider question of harm in exercising discretionary power to grant injunctions, yet probable case must always be made out, and injunction should never be issued simply because it will do no harm.

Preliminary injunction will not issue, unless complainant satisfies the court that there is reasonable probability of ultimate success, and improbability of success may arise from evidence on disputed question of fact, as well as because of questions of law.

Where, on full hearing on question of fairness of proposed selling price of corporate assets, preliminary injunction restraining the sale was dissolved

and the sale has been made, distribution of proceeds will not be enjoined, in order that they may be available in case the sale is ultimately set aside.

MOTION FOR A PRELIMINARY INJUNCTION. The complainants moved for a restraining order and preliminary injunction based on facts occuring since an order was entered dissolving the injunction in accordance with the opinion heretofore filed (*ante p.* 64). These facts are, that soon after the said order was entered, the directors of The Steel and Tube Company of America were notified of a special meeting of the board to be held in the City of Chicago on July 6, 1923, for the purpose of passing upon the following business, viz.: To ratify and approve all action taken by the officers and all instruments executed and delivered in connection with the sale to The Youngstown Sheet & Tube Company, and all action taken by the officers in connection with the litigation in this court, to provide for the distribution among the stockholders of the consideration received by the company from the sale and to that end to take such action as may be necessary or advisable for the purpose of reducing the capital stock of the company, including the retiring and redeeming of all the preferred stock, to call a meeting of the stockholders for the purpose of considering and acting upon these matters, and to transact such other business as may properly come before the meeting. The directors convened in special meeting pursuant to the call. The meeting, among other things not important to mention, transacted business of the following nature: After receiving a report from the president of the corporation to the effect that upon the dissolution of the injunction heretofore issued by this court, the sale to The Youngstown Sheet & Tube Company had been consummated and The Steel and Tube Company of America had received the full purchase price of $32,950,-441.57 in cash, the meeting then proceeded to adopt resolutions ratifying all the acts of the officers and directors done in connection with the sale and with this litigation, and favoring a reduction of the capital stock by retiring the entire outstanding issue of preferred stock at $110 per share and accrued dividends, and by reducing the outstanding common stock to 967.33 shares of the par value of $2 per share, the surplus in excess of such reduced capital stock or so much thereof as may be deemed expedient and advisable to be distributed. It was further resolved to call a meeting of the stock-

holders on August 7, 1923, to act upon the matters thus favored and recommended by the directors.

The preliminary injunction which is now asked on this state of facts seeks to restrain The Steel and Tube Company of America, its officers, etc., from distributing such part of the purchase price paid by The Youngstown Sheet & Tube Company "as will make it impossible for the said The Steel and Tube Company of America to make restitution to said The Youngstown Sheet & Tube Company in the event that the sale of the property and assets of the said The Steel and Tube Company of America to the said The Youngstown Sheet & Tube Company shall hereafter be decreed herein to be set aside," and also to restrain The Steel and Tube Company of America from "taking any action which will dissipate its assets so as to make it impossible to respond to any final or interlocutory decree which may hereafter be entered in this cause."

For opinion granting a preliminary injunction, see *ante p.* 1, and opinion dissolving the preliminary injunction, see *ante p.* 64.

*William S. Hilles*, and with him, *Frederic Cunningham, Jr.*, of New York City, for the complainants.

*Robert H. Richards*, and with him, *Joseph P. Cotton*, of New York City, for the defendant The Steel and Tube Company of America.

THE CHANCELLOR.   The theory which underlies this application is that The Steel and Tube Company of America ought not to be allowed to put itself into such condition as would make it impossible, in case the sale is eventually set aside, to restore to The Youngstown Sheet & Tube Company the money which has been paid as the consideration price; that if The Steel and Tube Company of America is permitted to reduce its capital to about 1,000 shares of the par value of $2 and distribute the excess to its stockholders, as is proposed, then in case the complainants shall finally succeed in securing a decree that the sale should be set aside because of the unfairness of the price, relief in accordance with this finding could not be afforded because The Steel and Tube Company of America would be unable to make restitution to The Youngstown Sheet & Tube Company of the $32,950,441.57 cash, paid by it as part of the purchase price.

The appearing defendant opposes the application on two principal grounds. These are, first, that inasmuch as the theory upon which the application is based contemplates ultimate relief in the form of a decree setting aside the sale, the injunction ought to be denied because such relief cannot be had in this suit for two reasons, viz.: (1) The bill as it now stands seeks to restrain the completion of an executory contract of sale by one of the parties thereto, and would therefore not permit of a decree directed against the undoing of a contract of sale completely executed; and if it were possible under the present pleadings for the court to deal with the executed contract, yet an effective decree setting aside the sale could not be entered because it would not be operative against The Youngstown Sheet & Tube Company, which is an indispensable party and is a non-resident beyond the jurisdiction of this court, it never having been served with subpoena nor having voluntarily appeared. (2) The second ground upon which the appearing defendant relies in opposition to the application is that, assuming the first ground to be untenable, the injunction should be denied because, if it is issued, it must rest for its justification upon the supposed primary fact that the price for which the assets were sold is an unfair one, a fact which has already been found against the complainants.

I shall not dwell at length upon the contentions of the defendant urged in connection with its first ground of opposition. That no decree setting aside the sale could be made in the absence of The Youngstown Sheet & Tube Company is so obvious as to need no discussion. Even if there were no difficulties of pleading in the way of such a decree under the bill as now framed, the complainants could never hope to obtain a decree setting aside the sale in this cause unless The Youngstown Sheet & Tube Company were brought into court. It is not in court now. It is beyond the jurisdiction. The subpoena directing it to appear was returned *non est inventus* some three or four months ago, and though the record discloses that it has knowledge of the pending suit, it has not yet seen fit voluntarily to appear. In this state of the matter it is but reasonable to suppose that if the sale is ever set aside it must be as the result of suit in some other jurisdiction where The Youngstown Sheet & Tube Company, an indispensable party, can

be required to appear. No such suit has been instituted elsewhere. Therefore the pending application comes down to this—the injunction should be awarded, not as a conserving measure pending litigation here, but as an auxiliary aid to some suit instituted at some indefinite time in the future in some jurisdiction not yet determined upon. If this be the true situation, it must be apparent that the court would be straining very hard in ordering the injunction. But the complainants urge that this court can appoint a receiver and direct such receiver to take proper steps elsewhere against The Youngstown Sheet & Tube Company in an endeavor to set the sale aside. Whatever might be said with respect to this suggestion in case the bill could be and were appropriately amended, I do not see how under the bill as it now stands this suggested course could be pursued.

But aside from what has just been said, the second ground of objection urged by the appearing defendant is sufficient in itself to dispose of the application adversely to the complainants. The injunction asked for is predicated upon the proposition that ultimately the sale will be set aside in some proceeding to which The Youngstown Sheet & Tube Company is a party. The setting aside of the sale is in turn predicated upon the proposition that the price is an unfair one. Therefore, at the bottom of the complainants' application lies the disputed question of fact as to whether the price is a fair one. Upon this question of fact a vast volume of testimony was produced when the motion to dissolve the prior injunction was made. I need not review the history of this litigation to show why the testimony produced at that stage of the case was so full. Though the motion to dissolve involved only an interlocutory order, I nevertheless indicated to the parties that I desired them, as far as possible, to produce their evidence in as complete and searching a manner as they would if the cause were on final hearing. They evidently acted in harmony with this suggestion. After a careful study of the evidence and exhibits, I concluded that the price named was a fair one and in the best interest of the selling corporation. The outstanding injunction against completing the sale was thereupon dissolved. Now this same question of fairness of price is mooted again in connection with the present application, and with no additional evidence be-

fore me I am asked to take a different view upon the primary and fundamental question of fact. If the evidence was such as to persuade me that the prior injunction ought to be dissolved, it ought to dissuade me from issuing the one now asked for, unless indeed my view of the evidence has since undergone a change. This it has not done, unless possibly it be in the direction of being more firmly convinced than before of the correctness of the conclusion then reached.

It is suggested that the present application finds itself differently circumstanced from the former one because whereas before the injunction then outstanding was highly prejudicial to the appearing defendant, the one now requested can be of no harm to any one, all that it seeks being to hold the purchase price where it is and thus keep it intact pending the litigation. To this suggestion it is sufficient to reply that an injunction should never issue simply because it will do no harm. While the relative convenience and inconvenience of the parties will prompt courts to consider questions of harm in exercising the discretionary power of injunction, yet a probable case must always be made out in support of the moving side before the writ will issue. Nor can it ever be said that no harm is done if a person be restrained from exercising a right vouchsafed to him by the law, even though the exercise of the right may be held in abeyance for a while without entailing pecuniary loss. The mere inhibition against the enjoyment of a lawful right, though unattended by other circumstances, is I conceive in itself a harm to the individual restrained.

This application before it can be favorably received must rest upon some positive rather than upon some negative reason for its support. No positive ground is suggested other than that on final hearing in some appropriate action the price paid to The Steel and Tube Company of America for its assets would be found to be so unfair as to justify a rescission of the contract and a setting aside of the sale.

It is well settled that a preliminary injunction will not issue unless the complainant satisfies the court that there is at least a reasonable probability of ultimate success upon a final hearing. This rule has been announced not only in cases where the improbability of ultimate success is because of a question of law (*Atlantic City*

*Waterworks Co. v. Consumers' Waterworks Co.*, 44 *N. J. Eq.* 427, 15 *Atl.* 581; *Davidson v. Calkins*, [*C. C.*] 92 *Fed.* 230; *Huntington v. City of New York*, [*C. C.*] 118 *Fed.* 683; *Clayton v. Atty. General*, 1 *Cooper t. Cottenham*, 97, 47 *Eng. Reprint*, 766), but as well where it appears from an examination of evidence upon a disputed question of fact (*Newark Aqueduct Board v. City of Passaic, et al.*, 46 *N. J. Eq.* 552, 20 *Atl.* 54, 22 *Atl.* 55; *Wilkinson v. Dobbie*, 12 *Blatchf.* 298, *Fed. Cas. No.* 17,670. If the court were not permitted to look into the question of reasonable probability of ultimate recovery when the issue is one of fact, then all that would be required of a complainant as a condition to obtaining a preliminary injunction against his adversary would be for him to file a bill and support it with an affidavit. There would be no point in accepting affidavits on the part of the defendant. There is, of course, always the danger that the court, in passing upon the question of probability of final recovery adversely to the complainant, might by denying the injunction put the effectiveness of a final decree out of the reach of the complainant in case he should eventually establish what at first appeared an improbable right. This danger, however, is one that cannot be allowed the effect of changing the rule. The most that it can be permitted to do is to admonish the court to proceed with caution.

Applying these principles to the pending application, I am impelled to the conclusion that the injunction asked for ought to be denied. The evidence heretofore adduced is such as to lead me to say that I am convinced thereby that the complainants have no reasonable probability of ultimate success upon a final hearing. I shall not again review it. It is sufficient for me to repeat my conclusion from the evidence, expressed in the opinion filed in disposing of the motion to dissolve, *ante p.* 64, as follows:

"The terms and conditions of the proposed sale are expedient and for the best interests of the corporation."

At the argument various contentions other than those herein dealt with were advanced by the defendant, the principal one of which was that, conceding the complainants would eventually set aside the sale, the injunction now asked for is not necessary for their protection, because the court in administering relief could

decree a return of the property impressed with a lien for the purchase price, and therefore there is no occasion for holding the money representing the price where it now is so as to be available for restitution to the purchaser. The views I have hereinbefore expressed upon the other points make it unnecessary for me to give consideration to this one.

The complainants relied with much confidence on the case of *Geddes v. Anaconda Mining Co.*, 254 *U. S.* 590, 41 *Sup. Ct.* 209, 65 *L. Ed.* 425, in support of their application. My reading of that case fails to find in it anything that makes it a precedent here.

The motion for a preliminary injunction is denied.

Note. The bill of complaint was subsequently dismissed on application of the complainants. See *post p.* 368.