118 A.2d 476 (1955)
AVON PRODUCTS, Inc., a corporation of the State of New York, Plaintiff,
v.
HIGHWAY TRUCK DRIVERS AND HELPERS, A. F. of L., Local No. 107, an unincorporated association, and Walter C. Crawford, Business Agent and Individually, and Local No. 115, I.B.T.C.W. and H. of A., A. F. of L., an unincorporated association, and John P. Morris, President and Individually, Defendants.
Court of Chancery of Delaware, New Castle.
November 25, 1955.
*477 H. Albert Young, Wilmington, and Daniel F. O'Connell, New York City, for plaintiff.
David B. Coxe, Jr., Wilmington and Richard Markowitz, Philadelphia, Pa., for defendants.
MARVEL, Vice Chancellor.
Avon Products, Inc., a manufacturer of cosmetics, operates a distribution center near Newark, Delaware, where some 180 persons are employed. Avon's products are manufactured in New York and move in interstate commerce to the Newark distribution center. These products after being prepared and packed for shipment at the Newark plant are reshipped for sale in a number of Middle Atlantic States. The defendant, Local 115, an affiliate of the International Brotherhood of Teamsters and the defendant, Local 107, Highway Truck Drivers and Helpers, are unincorporated associations operating within the framework of the American Federation of Labor. The individual defendants are respectively officers or agents of the two unions.
On September 28, 1955, defendant, Local 115, began a campaign designed to persuade certain of plaintiff's employees to join its union. Leaflets were distributed in the vicinity of plaintiff's premises describing alleged benefits to be derived from membership in the union and other efforts were made peaceably to organize plaintiff's employees. It is not clear in the present record as to when agents of Local 115 first trespassed on plaintiff's property, but it is established that on October 19, 1955, two officials of such union without company permission distributed leaflets in plaintiff's parking lot. These union officials were asked to leave the premises by agents of plaintiff. Words were exchanged, and John P. Morris, president of Local 115, threatened to place pickets at the plant entrance on the following day. The union officials withdrew, there was no violence, and next morning a small picket line had formed outside the plant entrance prior to the opening of plaintiff's plant. Plaintiff argues that the picket line was installed by[1] defendants as an act of retaliation against the eviction of union officials from plaintiff's premises and that irreparable damage is being inflicted on plaintiff as a result of the refusal of union truck drivers to make pick-ups and deliveries through the picket line.
Defendants contend that inasmuch as most of plaintiff's employees enter the plant in automobiles the logical place to distribute union leaflets was in plaintiff's parking lot and that having been ejected from the premises, defendants placed pickets outside the company gates as an alternate means of attempting to convince plaintiff's employees that it was in their interests to join Local 115.
Plaintiff's motion for a temporary restraining order was denied because of doubts as to jurisdiction and this is the opinion of the Court on the return of the rule issued against defendants requiring them to show cause why a preliminary injunction should not issue enjoining so-called vindictive or retaliatory picketing. Defendants have moved to dismiss on jurisdictional and constitutional grounds and have also moved for summary judgment.
Plaintiff argues that a labor dispute between the parties as such is defined in the national Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., does not exist and that consequently plaintiff's cause of action falls clearly *478 within the jurisdiction of this Court. While it is conceded by plaintiff that the Labor Management Relations Act which derives its force from the broad scope of the Commerce Clause has preempted much of the field of industrial relations, it is vigorously contended that the adjudication of rights in much industrial strife remains under the jurisdiction of state courts. Admittedly, state courts may still exercise their historic powers over the maintenance of public safety and order, and on a proper showing may enjoin mass picketing, the threatening of employees, the obstructing of streets and the picketing of homes. The case at bar, however, is not such a case. There is no showing of violence or the threat of violence and in determining whether or not a preliminary injunction should issue this Court must not only find a legal basis for the issuance of an injunction but must evaluate the facts on which the application is based in determining whether plaintiff has successfully carried the burden of showing a reasonable probability of ultimate success, Allied Chemical & Dye Corporation v. Steel & Tube Co., 14 Del.Ch. 117, 122 A. 142.
Do the facts before the Court disclose a dispute falling outside of the jurisdiction of the National Labor Relations Board? The complaint admittedly does not charge a violation of the Labor Management Relations Act. In fact it seeks to avoid any implication that the Labor Relations Board has jurisdiction of the matters charged. Nonetheless, just as a union may not frivolously invoke federal jurisdiction in order to evade state action, Busch & Sons, Inc., v. Retail Union of New Jersey, 15 N.J. 226, 104 A.2d 448, so an employer may not successfully disavow federal jurisdiction if such jurisdiction, in fact, exists. The complaint charges that the purpose and object of the picketing complained of is to unionize plaintiff's business. The affidavit of Douglas v. McMinn, plaintiff's plant manager, alleges that picketing is being carried on for the purpose of forcing plaintiff to have all of its employees join Local 115 so as ultimately to obtain a closed shop at plaintiff's plant. Ralph C. Madden, plaintiff's general manager at Newark, alleges that the sole purpose of the picketing is to unionize plaintiff's employees. Other affidavits filed by plaintiff disclose the extent of the very substantial financial loss being inflicted daily on plaintiff as a result of its being required to resort to more expensive shipping methods in order to get its products through the picket line, but action causing such damage cannot be enjoined unless this Court has jurisdiction of the subject matter of the complaint. It is contended in later affidavits that the "entire purpose" of the picketing, is to force plaintiff to permit defendants' agents to make "a common law trespass" on plaintiff's premises, but because of the factual similarity between the case at bar and the Garner case, hereinafter discussed, and my conclusion that the picketing complained of is being used as an organizational weapon, I am not persuaded that the National Labor Relations Board is deprived of its power to pass upon the unions' labor practices in the first instance, Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480.
In Garner v. Teamsters, etc., 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228, the Court affirmed the Supreme Court of Pennsylvania, 373 Pa. 19, 94 A.2d 893, which had held that the national Labor Management Relations Act precluded state action against organizational picketing. In the cited case the employers, a trucking concern, employed 24 employees, four of whom were members of the Teamsters Local 776. No controversy, labor dispute or strike was in progress at the time picketing was begun. Rotating pickets, none of whom was employed by the petitioners, were stationed at petitioners' loading platform. Picketing was orderly, but drivers for other carriers refused to cross the picket line as a result of which refusal the employers' business fell off as much as 95%. The Courts below had found that the union's purpose in picketing was to coerce the employers into compelling or influencing their employees to join the union.
*479 The conclusion of the Supreme Court that the[2] Labor Management Relations Act has forbidden labor unions to exert certain types of coercion on employees through the medium of the employer, thereby granting to the National Labor Relations Board exclusive primary jurisdiction over disputes concerning such union activity, compels me to find that no jurisdiction remains in this Court to enjoin organizational efforts such as those complained of in the case at bar. The Supreme Court having held that Congress has granted to the National Labor Relations Board the power and duty of primary decision on the appropriate action to be taken on an employer's application in a dispute such as is disclosed in the record before me, this Court must in limine decline jurisdiction in favor of the tribunal which Congress has selected for determining such issues in the first instance, Weber v. Anheuser-Busch, Inc., supra, and it is immaterial whether the activities complained of are deemed to come within the prohibitions or protection of the[3] National Act.
Were there any showing by plaintiff of violence or other activity on the part of officials or members of either defendant union clearly placing the case outside of the jurisdiction of the Labor Management Relations Act, then this Court should take jurisdiction and decide the case in conformity with its statutory or decisional law. Compare Sarros v. Nouris, 15 Del. Ch. 391, 138 A. 607. However, the factual situation in the case at bar is so closely analogous to that disclosed in the Garner case, this Court has no choice but to deny plaintiff's motion for a preliminary injunction and to dismiss the action for lack of jurisdiction of the subject matter of the suit.
In view of the Court's conclusion as to its lack of[4] jurisdiction, it is unnecessary to consider defendants' argument on their claimed inherent constitutional right peaceably to picket, and inappropriate to consider defendants' motion for summary judgment.
Order on notice.
NOTES
[1] While some of the pickets at the entrance to plaintiff's plant are members of both Local 115 and Local 107, I conclude that Local 107, as such, has made no attempt to unionize plaintiff's employees.
[2] 29 U.S.C.A. §§ 158(a) and 158(b).
[3] 29 U.S.C.A. § 157 provides inter alia that "Employees shall have the right to self-organization, to form, join, or assist labor organizations, * * *."
[4] It has been noted by the Court that in Pappas v. Stacey, 151 Me. 36, 116 A.2d 497, an order enjoining organizational picketing was sustained as being in violation of a state statute and that on October 24, 1955, 350 U.S. 870, 76 S.Ct. 117, the Supreme Court of the United States, declined to grant review of the decision, however, it does not appear in the reported opinion that the jurisdiction of the trial court was questioned.