HENRY M. TAYLOR, JR., Trading under the firm name of "GENERAL DISTRIBUTORS",
Plaintiff,

*vs.*

HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107, an unincorporated association,
Defendant.

*New Castle, December 4, 1956.*

*William H. Foulk* and *Robert W. Wakefield,* Wilmington, for plaintiff.

*David B. Coxe, Jr.,* Wilmington, for defendant.

MARVEL, Vice Chancellor: On November 8, 1956, a temporary restraining order was entered in this case which compelled defendant, its officers, agents and employees to desist from maintaining a patrol or picket line at or adjacent to the entrances of plaintiff's place of business on Maryland Avenue in the vicinity of the Reading Railroad crossing in Wilmington, Delaware. None of plaintiff's employees as of the time of the filing of the complaint was a member of the defendant union, and defendant admittedly has made no effort to negotiate directly with plaintiff concerning unionization of plaintiff's drivers and their helpers. In fact one of the professed purposes of defendant's activities is to obtain representation among plaintiff's employees and thereby establish a basis for bargaining. There has been no showing of [1] violence or the threat of violence on the part of defendant's agents and representatives although it is obvious that prior to entry of the temporary restraining order union haulers of plaintiff's supplies declined to pass defendant's patrol and plaintiff's business was thereby threatened with loss or extinction.

Because I was convinced that plaintiff's business was essentially intrastate, principally because he is forbidden under Delaware law to sell licensed beer outside of the borders of Delaware, I declined to dismiss for lack of jurisdiction. See Labor Management Relations Act of 1947, 29 *U.S.C.A.* § 141 *et seq., Garner v. Teamsters,* 346 *U.S.* 485, 74 *S.Ct.* 161, 98 *L.Ed.* 228, and *Weber v. Anheuser-Busch, Inc.,* 348 *U.S.* 468, 75 *S.Ct.* 480, 99 *L.Ed.* 546. Temporary injunctive relief was thereupon granted because defendant's activities according to the complaint, seemed designed to bring economic pressure to bear on plaintiff's business and thereby cause certain of plaintiff's non-union employees to join defendant's union. This type of union ac-

1. Plaintiff's affidavit states that two of his leased trucks, used for local deliveries, stopped as a result of sugar being placed in their gasoline tanks. He states that this had not happened prior to picketing by defendant, however, there is no showing that defendant's representatives are responsible for these stoppages.

tivity, which is obviously injurious to an employer, was condemned by this Court in *Sarros v. Nouris*, 15 *Del.Ch.* 391, 138 *A.* 607.

Plaintiff is a licensed wholesale importer of Budweiser and Ballantine beer and allied products. Under the provisions of Title 4 *Del.C.*, which regulate the liquor industry in Delaware, plaintiff has been authorized by the Delaware Alcoholic Beverage Control Commission to purchase alcoholic beverages manufactured out of the State and is forbidden by these same provisions and regulations thereunder to sell such beverages outside of Delaware. Plaintiff contends that because the Twenty-first Amendment to the Constitution of the United States prohibits the transportation or importation of intoxicating liquors into any state in violation of the laws thereof, there was thereby effected a blanket delegation to the states of the right to regulate commerce in such commodity. It is further argued that as plaintiff may import beer only through the Delaware Alcoholic Beverage Control Commission, he is in effect a creature of the State and that accordingly labor disputes arising in his business are specifically exempted from federal jurisdiction by § 2(2) of the Labor Management Regulations Act of 1947, 29 *U.S.C.A.* § 152(2).

Briefs having been filed and counsel having presented argument on the return of the rule to show cause, I now conclude that I erred in declining to dismiss for lack of jurisdiction of plaintiff's cause of action. The National Labor Relations Board has been authorized generally by Congress to prevent any person from engaging in any unfair labor practice affecting commerce. The term "affecting commerce" is broadly defined in the act to mean in commerce or burdening or obstructing commerce or its free flow, or having led or tending to lead to a labor dispute burdening or obstructing commerce or its free flow, § 2(7), Labor Management Relations Act of 1947, 29 *U.S.C.A.* § 152(7). A labor dispute which is also broadly defined in the Act (and includes a controversy seeking to arrange terms or conditions of employment) may exist even though the parties in dispute do not stand "* * * in the proximate relation of employer and employee." § 2(9), Labor Management Relations Act of 1947, 29 *U.S.C.A.* § 152(9).

The activities of which plaintiff complains clearly "affect commerce" in the broad sense in which that expression is used in the Labor Act. Plaintiff's merchandise theoretically flows only in one direction but that is sufficient,[2] *Newport News Shipbuilding & Dry Dock Co. v. N. L. R. B.,* 4 *Cir.,* 101 *F.2d* 841. Furthermore, plaintiff's distributive activities are an integral part of the nation-wide merchandising of Budweiser and Ballantine products, *N. L. R. B. v. Wemyss,* 9 *Cir.,* 212 *F.2d* 465. Finally, the fact that plaintiff is licensed by the State of Delaware to engage in his business does not make him an agent of the State or political subdivision thereof. I see no conflict between the legislative intent expressed in the Labor Management Relations Act of 1947 concerning the establishment of a forum for labor disputes and the Twenty-first Amendment. Compare *Ziffrin, Inc. v. Reeves,* 308 *U.S.* 132, 60 *S.Ct.* 163, 84 *L.Ed.* 128.

While a retreat on the part of the Supreme Court from the principles expressed in *Garner v. Teamsters, supra,* has been noted, United States Law Week (Sup. Ct.) *Vol.* 25, *p.* 3025, and some state courts in the post-Garner era have assumed jurisdiction in factual situations similar to the one here presented, I conclude, in the absence of any [3] showing of mass picketing or the like, or of violence or overt threats of violence, that there is no present basis for state jurisdiction of plaintiff's cause of action, *United Automobile, etc., Workers of America v. Wisconsin,* 351 *U.S.* 266, 76 *S.Ct.* 794, 100 *L.Ed.* 1162. The National Labor Relations Board must rule on plaintiff's complaint in the first instance. Compare *Avon Products, Inc. v. Highway Truck Drivers and Helpers,* 35 *Del.Ch.* 357, 118 *A.2d* 476.

On notice an order will be entered dismissing the complaint.

---

2. While this case was reversed and remanded by the Supreme Court, 308 *U.S.* 241, 60 *S.Ct.* 203, 84 *L.Ed.* 219, defendant did not press the claim of lack of jurisdiction in the Labor Board.

3. Assuming that the alleged activity of defendant in placing organizational signs on cars parked on a public highway at plaintiff's place of business is in violation of § 1108 of *Title* 17 *Del.C.,* there is no showing that the highway has been obstructed, *Garner v. Teamsters, supra.*